Mugglin, J.
Appeal from an order of the Supreme Court (Nolan, Jr., J), entered September 6, 2002 in Saratoga County, which partially granted defendant Frank Ryan’s motion for summary judgment dismissing the complaint.
In this action, plaintiff seeks to recover for injuries he alleges he sustained in two separate car accidents. The first accident occurred in August 1997 when plaintiffs vehicle was rear-ended while he was stopped at a traffic light. In September 1999, while working as a flagman, plaintiff was struck by a vehicle operated by defendant Frank Ryan (hereinafter defendant). The issue on this appeal is whether or not plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) in the second of these accidents. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint, alleging plaintiff sustained no serious injury in this accident. Supreme Court granted defendant summary judgment with respect to those categories of serious injury involving permanent loss of use of a body organ, member, function or system and a nonpermanent injury that prevented plaintiff from performing his usual daily activities for 90 of the first 180 days following the accident. Supreme Court denied defendant’s motion for summary judgment with respect to the permanent consequential limitation of use and significant limitation of use categories. Defendant appeals.
In support of his motion, defendant submitted an indepen *875 dent medical evaluation which was based on the doctor’s physical examination of plaintiff and a review of plaintiff’s prior medical records. This doctor concluded that there is no objective evidence of injury related to the September 1999 accident. Thus, plaintiff was required to come forward with evidence of such injury to establish a triable issue of fact (see Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; Trotter v Hart, 285 AD2d 772, 773 [2001]; Hines v Capital Dist. Transp. Auth., 280 AD2d 768, 769 [2001]). To do so, plaintiff relies on the affidavit and report of a chiropractor, the office notes of his treating physician, a neuropsychological evaluation, an examination conducted by a neurologist, and an evaluation of an orthopedic surgeon.
For the categories of permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system, the proof must relate to “ ‘medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part’ ” (Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002], quoting Dufel v Green 84 NY2d 795, 798 [1995]; see Tornatore v Haggerty, 307 AD2d 522, 523 [2003]). After careful review, we conclude that plaintiffs submissions raise no triable issue of fact. Each report is deficient in that it either fails to quantitatively or qualitatively establish serious injury or it fails to causally relate an injury to the 1999 accident. Plaintiffs treating orthopedic surgeon’s notes appear to deal exclusively with the first accident, making no reference to the September 1999 accident or injuries allegedly sustained therein. The neuropsychologist’s report reviews an MRI done on October 17, 1997 which revealed only some spondylosis of the cervical spine, but was otherwise negative. This doctor further reviewed an MRI of the brain done on March 19, 1998 and an EMG conducted on July 14, 1999, both of which were either unremarkable or essentially normal. This report indicates that the September 1999 accident exacerbated plaintiffs disturbed sleep syndrome, but does not relate a claim for traumatic brain injury to anything but the 1997 accident, and offers no qualitative analysis of the injury, there being no baseline testing to refer to. The reviewing orthopedic surgeon states no objective medical basis for his finding of moderate disability in plaintiff s right shoulder; the neurologist and the chiropractor both find spasm and limited range of motion, but neither describes the tests used to obtain the quantitative percentages of loss of range of motion nor do they note specifically the degree of limitation of plaintiffs function or describe recommendations for treatment (see Trotter v Hart, supra at 773; Fountain v Sullivan, 261 AD2d 795, 796 [1999]). Moreover, none of plaintiffs experts has *876 submitted objective evidence by which the claimed aggravation of his 1997 injuries can be measured (see Hines v Capital Dist. Transp. Auth., supra at 770). Defendant’s summary judgment motion, therefore, should have been granted in its entirety.
Cardona, P.J., Crew III, Feters and Kane, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Frank Ryan, by reversing so much thereof as partially denied defendant Frank Ryan’s motion for summary judgment; motion granted in its entirety and complaint dismissed against said defendant; and, as so modified, affirmed.