■ Valleri Mack, Appellant, v Eric D. Goodrich, Respondent. [783 NYS2d 692]—

Crew III, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered April 1, 2003 in Cortland County, which granted defendant's motion for summary judgment dismissing the complaint.

In November 1997, plaintiff was a passenger in an automobile that was rear-ended by a vehicle operated by defendant. Although no damage to either vehicle was reported, plaintiff complained of neck and shoulder pain at the scene and was evaluated and released from a local hospital. Plaintiff thereafter commenced this action in November 2000 alleging that she sustained a serious injury within the meaning of Insurance Law § 5102 (d). Specifically, plaintiff contends that she sustained a permanent consequential limitation of use of both arms due to "thoracic outlet syndrome" and of her neck and back due to, inter alia, fibromyalgia, in addition to suffering a medically determined nonpermanent injury that prevented her from performing substantially all of her customary daily activities for 90 of the first 180 days following the accident.

Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint and plaintiff opposed the motion. Supreme Court granted defendant's motion finding, inter alia, that plaintiff failed to tender sufficient admissible proof to raise a question of fact as to the issue of permanency. Supreme Court also dismissed plaintiff's 90/180-day claim, finding no evidence to substantiate plaintiff's professed inability to cook, clean or perform household activities following the underlying accident. This appeal by plaintiff ensued.

We affirm. In support of his motion for summary judgment, defendant tendered portions of plaintiff's medical records and the affidavit and report of Daniel Elstein, the orthopedic surgeon who evaluated plaintiff in May 2002. In this regard, the reports of MRI studies conducted in February 1998, March 1999 and September 2000 revealed no evidence of disc herniation,

nerve root encroachment or spinal stenosis and, as such, were characterized by Elstein as "basically negative." Although such studies disclosed some evidence of disc bulging and Elstein's examination of plaintiff revealed a limitation in the lateral bending of plaintiff's lumbar spine, Elstein ultimately opined that the underlying automobile accident produced no significant injury to plaintiff's neck or low back. Specifically Elstein, who described all of plaintiff's symptoms, many of which pre-dated the November 1997 accident, as hysterical in nature, was of the view that the 1997 accident "produced nothing more than a mild strain of [plaintiff's] cervical spine."

The foregoing proof, in our view, was sufficient to discharge defendant's initial burden on the motion for summary judgment, thereby obligating plaintiff to tender sufficient admissible proof to raise a question of fact as to whether she sustained a serious injury. This she failed to do. In opposition to defendant's motion, plaintiff primarily relied upon the affidavit and medical reports prepared by Kenneth Yonemura, an assistant professor of neurological surgery and orthopedics, who evaluated plaintiff in late 1999. Although Yonemura opined that plaintiff suffers from thoracic outlet syndrome and probable fibromyalgia, which, in turn, he believes to be directly related to the 1997 accident, his reports do not contain objective, quantitative evidence to substantiate that diagnosis and appear to rely heavily upon plaintiff's subjective complaints of pain and numbness. Moreover, even if such deficiencies were not fatal to Yonemura's reports, as Supreme Court aptly observed, Yonemura failed to opine that the limitations experienced by plaintiff are indeed permanent. Accordingly, Supreme Court properly granted defendant's motion for summary judgment as to this aspect of plaintiff's serious injury claim.

We reach a similar conclusion with regard to plaintiff's 90/180-day claim, as plaintiff failed to demonstrate that her "normal activities were substantially curtailed for the requisite period of time" (*Marks v Brown*, 3 AD3d 648, 651 [2004]). At best, plaintiff's proof established that she was unable to work only the *last* 74 of the 180 days immediately following her accident.* Inasmuch as plaintiff worked the first 106 days following her accident, and given the absence of any testimony to substantiate her professed inability to cook and clean following the accident, plaintiff plainly did not meet her burden of proof in this regard. Accordingly, Supreme Court's order granting defendant's motion for summary judgment dismissing the complaint is affirmed.

---

* The accident occurred on November 14, 1997, but plaintiff did not stop working until March 1, 1998.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.