■ KEVIN KETZ, Appellant, v NORA M. HARDER, Respondent. [793 NYS2d 203]—

---

Lahtinen, J. Appeal from an order of the Supreme Court (Sheridan, J.), entered March 10, 2004 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

A vehicle operated by plaintiff was stopped at a traffic light when it was struck in the rear by defendant's vehicle. Although plaintiff declined medical assistance at the scene, he sought treatment later that day. An X ray of his neck was negative and he was diagnosed with acute cervical strain. He subsequently sought medical treatment from a general practitioner who prescribed physical therapy and referred plaintiff to an orthopedist. Plaintiff treated with the orthopedist who eventually referred him to chiropractic care. He missed about five to six full weeks and three to four partial weeks of work following the accident. He stated that he was unable to participate in his primary hobby, playing pool, for three to four months and continues to be limited in the length of time he can play pool comfortably. Plaintiff commenced this action and currently contends his injuries satisfy the serious injury categories of permanent consequential limitation, significant limitation and 90/180 days. Defendant's motion for summary judgment dismissing the complaint was granted by Supreme Court and this appeal by plaintiff ensued.

Plaintiff argues that defendant's proof was insufficient to meet her initial burden of establishing that he did not sustain a serious injury (see *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Monk v Dupuis*, 287 AD2d 187, 189 [2001]). Defendant's submissions in support of her motion included the affirmation of Louis Benton, an orthopedic surgeon, in which he reported that, shortly before the motion was filed, he conducted an examination of plaintiff and reviewed plaintiff's medical records, including physical therapy and chiropractic notes, X rays and an MRI. Benton found that plaintiff's cervical X rays and MRI were within normal range. Benton concluded that the bulging discs indicated on the MRI were not the result of this accident but, rather, were within normal limits for a man of plaintiff's age. He further reported that plaintiff had no "functional deficits"

and was under no medical treatment for the injuries alleged to have been sustained in the accident. This evidence was sufficient to shift the burden as to the permanent consequential limitation and significant limitation categories. Moreover, the excerpts from plaintiff's deposition and medical records reflected that he returned to part-time work within six weeks and to full-time work without significant restriction within 9 to 10 weeks of the accident. While his pool playing hobby was affected for a longer period, no other activities were reportedly curtailed. This evidence satisfied defendant's burden regarding the 90/180 category (see Creech v Walker, 11 AD3d 856, 856 [2004]; Mack v Goodrich, 11 AD3d 846, 848 [2004]).

The analysis next shifts to whether plaintiff proffered adequate evidence in opposition to the motion to raise factual issues regarding any of the three categories of serious injury he is pursuing (see Dongelewic v Marcus, 6 AD3d 943, 943-944 [2004]). Plaintiff relied in large part on affidavits of the physician who initially treated him, Gregory Stahl, and the orthopedic surgeon to whom he was referred, J. David Abraham. Neither of these doctors had treated plaintiff for over two years at the time they executed their affidavits and each had referred him for further treatment. Under such circumstances, the circumspect prediction, unsupported by any elucidation, of each doctor that plaintiff's condition "may be permanent" is insufficient to create a factual issue regarding the contention of a permanent consequential injury (see John v Engel, 2 AD3d 1027, 1028-1029 [2003]; Trotter v Hart, 285 AD2d 772, 773 [2001]).

The proof offered by plaintiff as to significant limitation is likewise deficient. While Stahl noted muscle spasms and employed tests from which he recorded specific limitations in the range of motion of plaintiff's spine, it appears from his affidavit that these results were based on an examination conducted within days of the accident. Yet, plaintiff's testimony reflects that his condition improved with time and further treatment, and Stahl's affidavit does not address the progression of plaintiff's condition. Abraham's affidavit, in addition to lacking the required specificity (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]; Pinkowski v All-States Sawing & Trenching, 1 AD3d 874, 875 [2003]), suffers from the fact that he also referred plaintiff for further treatment, which plaintiff indicated helped his condition, and the extent of the concededly improved nature of plaintiff's condition is not addressed. This is not a situation of a gap in treatment (cf. Akamnonu v Rodriguez, 12 AD3d 187 [2004]), but instead a cessation of treatment by the doctors submitting affidavits years before those affidavits were

executed and whose treatment occurred at a time when plaintiff's condition was still changing and improving. Under such circumstances, the affidavits are insufficient to raise a factual issue (*see Davis v Evan*, 304 AD2d 1023, 1025 [2003]). Nor did plaintiff submit any relevant evidence rebutting defendant's proof on the 90/180 category and, hence, Supreme Court properly dismissed the complaint.

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order is affirmed, with costs.