■ MAMUN KHAN, Respondent, v SHOAIB HAMID et al., Appellants, et al., Defendants. [798 NYS2d 444]—

In an action to recover damages for personal injuries, the defendants Shoaib Hamid and Mogilboin Taxi, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hubsher, J.), dated May 18, 2004, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The examining physician of the defendants Shoaib Hamid and Mogilboin Taxi, Inc. (hereinafter the defendants), submitted an affirmed medical report setting forth the results of his examination of the plaintiff. He concluded that the plaintiff had recovered from his injuries, had no disabilities, and was able to perform all of his normal work and daily living activities. Together with the plaintiff's deposition testimony and medical records submitted by the defendants with their motion, this evidence was sufficient to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see Nozine v Sav-On Car Rentals, 15 AD3d 555 [2005]; Sims v Megaris, 15 AD3d 468 [2005]). The affirmation of the plaintiff's examining physician, on the other hand, was insufficient to raise a triable issue of fact. The affirmation was clearly based upon the plaintiff's subjective complaints of pain (see Scheer v Koubek, 70 NY2d 678 [1987]; Barrett v Howland, 202 AD2d 383 [1994]; LeBrun v Joyner, 195 AD2d 502 [1993]), made at an examination held after an unexplained, approximately three-year lapse in time since the conclusion of the original medical treatments (see Pommells v Perez, 4 NY3d 566 [2005]; Jimenez v Kambli, 272 AD2d 581 [2000]; Smith v Askew, 264 AD2d 834 [1999]), and merely parroted language designed to tailor the claim to meet statutory requirements (see Giannakis v Paschilidou, 212 AD2d 502 [1995]; Powell v Hurdle, 214 AD2d 720 [1995]).

Moreover, there was no competent medical evidence to show that the plaintiff was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days as a result of the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *Jackson v New York City Tr. Auth.,* 273 AD2d 200 [2000]; *Greene v Miranda,* 272 AD2d 441 [2000]).

Accordingly, the defendants were entitled to summary judgment in their favor dismissing the complaint insofar as asserted against them. Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.