■ JOSEPH P. MAYE, JR., Appellant, v SCOTT D. STEARNS et al., Respondents. [798 NYS2d 152]—

Kane, J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered June 1, 2004 in Schenectady County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

In February 2000, plaintiff's vehicle was hit from behind, allegedly causing him injuries. After he commenced this personal injury action, defendants moved for summary judgment dismissing the complaint. Plaintiff opposed the motion and cross-moved for summary judgment on the issue of liability. Supreme Court granted defendants' motion because plaintiff failed to establish that he suffered a serious injury. The court dismissed the cross motion as moot. Plaintiff appeals.

Defendants established prima facie entitlement to summary judgment by submitting plaintiff's pretrial testimony, the report of an examining physician who opined that plaintiff's problems

were not causally related to the accident and medical records pertaining to plaintiff's prior back, neck, leg, hand and shoulder problems. The burden then shifted to plaintiff to create a material issue of fact (*see Franchini v Palmieri*, 1 NY3d 536, 537 [2003]). Plaintiff submitted his own affidavit and an affidavit from his chiropractor averring that the injuries were caused by this accident. The chiropractor's records indicate that plaintiff had "no previous contributing history." This statement was contradicted by other medical records noting that plaintiff filed a workers' compensation claim for a back injury in the late 1970s, was hit by a car while riding a bike in 1987, resulting in injuries to his back, with pain radiating down to his buttocks and legs, fell, causing injury to his hand, strained or sprained his shoulder, causing pain through the shoulder, arm and hand, and suffered from continuing low back pain from at least 1992. The chiropractor was apparently unaware of these prior injuries and, in any event, did not refer to them in his affidavit, although he did refer to degenerative changes in plaintiff's spine. Because the chiropractor failed to address plaintiff's preexisting medical conditions, there is an inadequate foundation to support his conclusion that plaintiff's medical conditions are causally related to the accident. As plaintiff fell short of meeting his "burden to come forward with evidence addressing defendant's claimed lack of causation," defendant was entitled to summary judgment (*Pommells v Perez*, 4 NY3d 566, 580 [2005]; *see Franchini v Palmieri, supra*).

A party is not wrongfully deprived of the constitutional right to a jury trial (*see* US Const 7th Amend; NY Const, art I, § 2) if the court dismisses the action on summary judgment, as such a judgment is a determination by the court that no real issue exists and there is no basis upon which a jury could find for that party (*see General Inv. Co. v Interborough R.T. Co.*, 235 NY 133, 143 [1923]; *Gerard v Inglese*, 11 AD2d 381, 382 [1960]). Plaintiff's remaining arguments have been reviewed and found to be without merit.

Peters, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.