▪ NISSETTE GONZALEZ et al., Appellants, v KATHARINE L. GREEN et al., Respondents. [805 NYS2d 450]—

Mercure, J.P. Appeal from an order of the Supreme Court (Williams, J.), entered August 25, 2004 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Nissette Gonzalez (hereinafter plaintiff) claims that she suffered serious injuries under Insurance Law § 5102 (d)

when defendant Katharine L. Green's vehicle struck the vehicle in which plaintiff was riding. Supreme Court granted defendants' motion for summary judgment dismissing the complaint and this appeal ensued.

We affirm. Defendants met their initial burden of establishing that plaintiff did not sustain a permanent consequential limitation of use of a body organ or member, or significant limitation of use of a body function or system, and that she was not prevented from performing substantially all of her usual and customary daily activities for 90 of the first 180 days following the accident within the meaning of Insurance Law § 5102 (d) (*see Franchini v Palmieri,* 1 NY3d 536, 537 [2003]; *Chunn v Carman,* 8 AD3d 745, 746 [2004]). Defendants introduced a medical report from a physician who opined, based on his review of plaintiff's medical reports and his examination of plaintiff, that no objective medical findings supported plaintiff's claims of serious injury to her back, left shoulder and neck. In addition, defendants submitted plaintiff's medical records from the first 90 days after the accident showing that her physicians placed no restrictions on her, instead providing her only with a neck brace and the suggestion that she take "a strong dosage of Motrin." Thus, the burden shifted to plaintiffs to "offer proof in admissible form sufficient to create a material issue of fact" (*Franchini v Palmieri, supra* at 537).

In response, plaintiffs submitted an affidavit from plaintiff's physician, Raymond Auletta, who began treating her more than six months after the accident, averring that plaintiff had pain, limitation in the range of motion of her neck and shoulder, a muscle spasm on one occasion, a cervical radiculopathy causing weakness in the left biceps, and "a mild focal central disc herniation . . . [that] was impinging upon the cervical spinal cord." Auletta—who prescribed oral steroids, injected pain medication and referred plaintiff for a cervical epidural injection—opined that plaintiff's injuries were permanent and caused by the motor vehicle accident.

It is settled that "[p]roof of a herniated disc, without additional objective medical evidence establishing that the accident resulted in significant physical limitations, is not alone sufficient to establish a serious injury" (*Pommells v Perez,* 4 NY3d 566, 574 [2005]). While an expert's qualitative assessment may suffice, that evaluation must "ha[ve] an objective basis and compare[ ] the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system" (*Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 350 [2002]). Here, Auletta did not sufficiently detail

plaintiff's limitation of motion and muscle spasm, or identify any diagnostic tests or other objective medical basis for his finding that plaintiff's limitation was significant (*see Burford v Fabrizio,* 8 AD3d 784, 785 [2004]; *see also Franchini v Palmieri, supra* at 537; *Toure v Avis Rent A Car Sys., supra* at 357-358). Indeed, the magnetic resonance imaging report relied upon by Auletta—performed approximately one year after the accident—indicates that plaintiff's soft tissue injury was only mild and that there was no nerve root compression or significant compression of the spinal cord; otherwise Auletta relied primarily upon plaintiff's subjective complaints of pain (*see Scheer v Koubek,* 70 NY2d 678, 679 [1987]). Accordingly, plaintiffs failed to demonstrate, as required, a question of fact regarding whether plaintiff's limitation was more than mild, minor or slight (*see Licari v Elliott,* 57 NY2d 230, 236 [1982]; *cf. Anderson v Persell,* 272 AD2d 733, 734 [2000]). Moreover, even assuming that Auletta's affirmation constitutes objective medical evidence of an injury, he did not treat or diagnose plaintiff until the 180-day statutory limit had passed and plaintiff submitted no other medical evidence demonstrating "that her 'normal activities were substantially curtailed for the requisite period of time'" (*Mack v Goodrich,* 11 AD3d 846, 848 [2004], quoting *Marks v Brown,* 3 AD3d 648, 651 [2004]; *see Toure v Avis Rent A Car Sys., supra* at 357-358; *Khan v Hamid,* 19 AD3d 460, 462 [2005]). Thus, Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint.

Crew III, Peters, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.