■ AYLIN TUNA, Appellant, v MARK A. BABENDERERDE, Respondent (And a Third-Party Action.) [819 NYS2d 613]—

Spain, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered March 1, 2006 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was a front seat passenger in a car that was struck head-on by a vehicle operated by defendant. She was treated in a hospital emergency room immediately following the March 2003 accident, and sought medical attention thereafter for pain in her right shoulder, which was occasionally accompanied by clicking or popping, intermittent tingling in two fingers of her right hand, and neck and back pain. She commenced this action in January 2004, asserting that she had sustained a serious injury within the meaning of Insurance Law § 5102 (d), relying upon the statutory categories of permanent consequential limitation, significant limitation, and inability to perform substantially all of her customary activities for at least 90 out of the 180 days immediately following the accident. Following discovery, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff had not suffered a statutory serious injury. Supreme Court granted defendant's motion, and plaintiff appeals.

It is well established that to satisfy the statutory serious injury threshold, plaintiff must have sustained an injury that is identifiable by objective proof; plaintiff's subjective complaints of pain do not qualify as a serious injury within the meaning of Insurance Law § 5102 (d) (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]; Scheer v Koubek, 70 NY2d 678, 679 [1987]). On a motion for summary judgment dismissing the complaint, defendant must demonstrate that plaintiff has not suffered a serious injury within the meaning of Insurance Law § 5102 (d) (see Gaddy v Eyler, 79 NY2d 955, 956 [1992]; McElroy v Sivasubramaniam, 305 AD2d 944, 945 [2003]). Here, defendant's motion was supported by the emergency room notes and records of plaintiff's treating and consulting physicians, as well as plaintiff's testimony at an examination before trial, documents upon which defendant may properly rely to make his prima facie showing of entitlement to judgment as a matter of law (see Franchini v Palmieri, 1 NY3d 536, 537 [2003]; McNamara v Wood, 19 AD3d 921, 922 [2005]; Seymour v Roe, 301 AD2d 991 [2003]; Cody v Parker, 263 AD2d 866, 867 [1999]).

Defendant's submission adequately demonstrates that, although plaintiff sought medical attention for various complaints of pain in the months following the accident, there is no objec-

tive evidence of physical injury caused by the accident. X rays, MRIs, and bone scans performed at various times in the six months following the accident revealed no objective medical evidence of a traumatic injury to her neck, shoulder or hip, and electrodiagnostic tests conducted in September 2003 yielded results within normal limits. Plaintiff acknowledged in her examination before trial that she had undergone no further treatment of her hip or shoulder after she ceased going to physical therapy in May 2004. Further, defendant submitted the independent medical examination report of orthopedic surgeon Paul Jones, who examined plaintiff on May 6, 2005.* He found a minimal limitation of range of motion in her right shoulder and a "click" as she abducted the shoulder, but was unable to discern objective evidence of injury to her shoulder or hip.

In addition to showing the absence of an objective, medically determined injury, defendant's submission demonstrated that plaintiff was not prevented from performing substantially all of her usual and customary activities for 90 of the 180 days immediately following the March 7, 2003 accident. With the exception of one doctor's note retroactively "excusing" plaintiff from work for the nine-day period of April 15 to April 23, 2003, plaintiff was under no medically imposed restrictions during the 180-day period until August 5, 2003, when she began treating with osteopath Marc Rosenblatt. Plaintiff testified at her examination before trial that she could not swim like she used to, but she was unable to specify any other daily activity that she could not perform, stating only that it limited "basically everything," and that she had to rely more upon her left hand. Approximately six weeks after the accident, plaintiff applied for employment at Filene's department store, and she began working there in early May 2003, unpacking and hanging clothes and working the cash register. Plaintiff left that job several months later for reasons unrelated to her injuries, and worked at a grocery store for approximately three months. Thereafter, she began work as a waitress and, although she asserted that she required the help of others at her job, she did not assert that she was unable to do the work required of her.

Thus, the burden shifted to plaintiff to raise a material issue of triable fact on each of the categories of claimed serious injury through the use of competent medical evidence and diagnostic

---

* We have not considered the independent medical examination report of orthopedic surgeon Mary Godesky, dated September 11, 2003, because it is unsworn, and is therefore inadmissible and incompetent support for defendant's motion (*see Loadholt v New York City Tr. Auth.*, 12 AD3d 352 [2004]; *cf. Seymour v Roe*, 301 AD2d 991, 991 [2003]).

tests (*see Toure v Avis Rent A Car Sys., supra* at 353; *Ketz v Harder*, 16 AD3d 930, 932 [2005]). To do so, she relied on Rosenblatt's affirmation and her own affidavit. Rosenblatt's affirmation is not sufficient to raise an issue of fact on the permanent consequential limitation category because he noted "some signs of improvement," and his opinion that she is permanently disabled was not rendered until approximately 19 months after his last examination of her, but he does not provide an explanation for the cessation of plaintiff's treatment (*see Buster v Parker*, 1 AD3d 659, 660-661 [2003]; *Davis v Evan*, 304 AD2d 1023, 1025 [2003]; *cf. Dooley v Davey*, 21 AD3d 1242, 1243 [2005]). Rosenblatt's submission is also insufficient to raise an issue of fact on the significant limitation of use category because, although he identifies specific limitations to plaintiff's ranges of motion (*see Toure v Avis Rent A Car Sys., supra* at 350), his affirmation fails to set forth diagnostic techniques that were not dependent upon plaintiff's subjective complaints of pain (*see Burford v Fabrizio*, 8 AD3d 784, 785-786 [2004]; *Temple v Doherty*, 301 AD2d 979, 981 [2003]). Finally, although Rosenblatt's affirmation states that plaintiff was unable to work from the date of the accident on March 7, 2003 through December of that year, this evidence is of no probative value with respect to the 90/180-day category because plaintiff did not come into Rosenblatt's care until August 2003, nearly five months after the accident occurred and, thus, on the facts of this case, he is not competent to discuss her activities during that period. Finally, in the absence of objective proof that plaintiff sustained a medically determined injury, her own affidavit describing the limitations upon her daily activities is insufficient to raise an issue of fact with respect to the 90/180-day category of serious injury (*see Drexler v Melanson*, 301 AD2d 916, 918-919 [2003]).

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.