■ DAWN GIBBS, Respondent, v STACEY L. HARP et al., Appellants. [847 NYS2d 686]—

Lahtinen, J. Appeal from an order of the Supreme Court (Lynch, J.), entered January 10, 2007 in Ulster County, which, upon reconsideration, partially denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action for injuries allegedly sustained when the car that she operated was in an accident with a car driven by defendant Stacey L. Harp and owned by defendant David L. Harp, Jr. Disclosure revealed that plaintiff had suffered for many years prior to the accident from numerous physical ailments that had rendered her unable to work. These problems apparently flowed from twice being kicked by horses and afflicted many of the same areas of her body that she asserted were injured in the subject accident. Defendants moved for summary judgment dismissing the complaint arguing that plaintiff did not suffer a serious injury (*see* Insurance Law § 5102 [d]) in the accident, and Supreme Court (Kavanagh, J.)

granted the motion. In its decision, the court stated that it was not considering a report submitted by plaintiff of David Gamburg, a pain management specialist, since it was unsworn.

Plaintiff moved for leave to renew and reargue asserting that she had submitted to the court clerk a sworn report by Gamburg, which ostensibly was not forwarded to Supreme Court. Plaintiff further urged reargument upon the ground that the court had misapplied facts and/or law in finding that defendants had met their threshold burden as to the 90/180-day category of serious injury. The judge who originally heard the motion had since been appointed to the Appellate Division, First Department, and, thus, the motion was heard by another judge (*see* CPLR 2221 [a]). Supreme Court (Lynch, J.) granted renewal as to the report of Gamburg, but upon considering the report, concluded that the content of the report was insufficient to establish a factual issue as to a serious injury. However, the court further granted reargument as to the 90/180-category issue, apparently finding that Supreme Court (Kavanagh, J.) had overlooked or misapprehended a fact or misapplied the law, and denied defendants' motion as to such category of serious injury. Defendants appeal.

We agree that Supreme Court (Lynch, J.) properly granted renewal as to the report of Gamburg, the sworn copy of which was not before the court (Kavanagh, J.) through no fault of plaintiff. And, upon reconsideration, such report, which failed to address plaintiff's numerous preexisting conditions involving the same areas allegedly injured in the subject accident, did not provide a basis for deviating from the original decision (*see Franchini v Palmieri*, 1 NY3d 536, 537 [2003]; *Maye v Stearns*, 19 AD3d 902, 903 [2005]).

It was error, however, to grant reargument and address the 90/180-day category. Supreme Court (Kavanagh, J.) did not overlook significant facts or misapprehend the law (*see Peak v Northway Travel Trailers*, 260 AD2d 840, 842 [1999]; *Grassel v Albany Med. Ctr. Hosp.*, 223 AD2d 803, 805 [1996], *lv dismissed and denied* 88 NY2d 842 [1996]; *Matter of Mayer v National Arts Club*, 192 AD2d 863, 865 [1993]). The record reveals that the court (Kavanagh, J.) properly applied the law to the facts as set forth by the parties, including defendants' shifting of the burden with the submission of, among other things, extensive medical records and reports regarding preexisting conditions similar to those alleged to have occurred in the underlying accident, as well as proof of plaintiff's preaccident diminished activities (*see Tuna v Babendererde*, 32 AD3d 574, 575-576 [2006]; *Gonzalez v Green*, 24 AD3d 939, 940 [2005]).

Mercure, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted reargument and as partially denied defendants' motion for summary judgment; motion for summary judgment granted in its entirety and complaint dismissed; and, as so modified, affirmed.