■ Sandra M. Houston, Appellant, v Tonya L. Hofmann, Respondent. [906 NYS2d 190]—

Stein, J. Appeal from an order of the Supreme Court (Kramer, J.), entered October 9, 2009 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

Following a motor vehicle accident on January 12, 2007, plaintiff commenced this personal injury action alleging that she suffered a serious injury to her cervical and thoracic spine within the meaning of Insurance Law § 5102 (d), relying on the statutory categories of permanent loss of use, permanent consequential limitation, significant limitation, and inability to perform substantially all of her customary activities for at least 90 out of the 180 days immediately following the accident. Defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, finding that plaintiff had failed to demonstrate a triable issue of fact regarding whether she had suffered a statutory serious injury. This appeal by plaintiff ensued.

We affirm. "It is well established that to satisfy the statutory serious injury threshold, plaintiff must have sustained an injury that is identifiable by objective proof; plaintiff's subjective complaints of pain do not qualify as a serious injury within the meaning of Insurance Law § 5102 (d)" (*Tuna v Babendererde*, 32 AD3d 574, 575 [2006] [citation omitted]; *see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]). As the party moving for summary judgment, defendant had the initial burden of establishing that plaintiff did not suffer a serious injury in order to demonstrate her prima facie entitlement to judgment as a matter of law (*see* Insurance Law §§ 5102, 5104; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Here, defendant's motion was supported by a copy of plaintiff's verified bill of particulars, plaintiff's deposition testimony and two independent medical exam reports, which specifically referenced plaintiff's various medical treatment reports. This evidence established that, on the day of the accident, plaintiff went to a hospital emergency room, where she was diagnosed with neck strain and a left knee contusion, was prescribed ibuprofen and was instructed to limit her activities for three days and to follow up with a physician in four to five days. Plaintiff did not seek further medical treatment until January 30, 2007. She was again diagnosed with neck strain, was prescribed pain medication, heat and massage, and was referred to physical therapy. Plaintiff obtained physical therapy a total of eight times between February 1, 2007 and March 16, 2007. The discharge summary from such treatment indicates that she had full range of motion in all relevant areas. Plaintiff was also treated by David Cerniglia, a chiropractor, from March 12, 2007 until August 22, 2007.

Based upon their examinations of plaintiff on March 3, 2009 and their review of her medical records, defendants' two medi-

cal experts opined that plaintiff had a normal range of motion at the time their respective examinations took place, and that she had nonpermanent causally related resolved strains of the cervical and thoracic spine. There was also no indication in the records submitted that plaintiff suffered a serious injury in the significant limitation or 90/180-day categories. Further, nothing in plaintiff's bill of particulars or deposition testimony establishes that she was prevented from performing substantially all of the material acts which constitute her usual and customary daily activities. Although the bill of particulars alleges in extremely general terms that she was prevented from performing her daily activities such as sleeping, working and attending social activities, this was contradicted by evidence that plaintiff was not employed at the time of the accident, and no significant restrictions were placed on her activities, except for the three days immediately following the accident. In addition, plaintiff denied that she was confined to bed or home at any time following the accident, and her deposition testimony indicates only that she was unable to garden or lift her grandchildren.

Based upon the foregoing, we agree with Supreme Court's determination that defendant presented sufficient evidence to shift the burden to plaintiff to raise a question of fact requiring a trial (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, 326 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Tuna v Babendererde*, 32 AD3d at 575). In order to meet this burden, it was incumbent upon plaintiff to submit "competent medical evidence based upon objective medical findings and diagnostic tests to support [her] claim of a serious injury" (*Trotter v Hart*, 285 AD2d 772, 773 [2001] [internal quotation marks and citations omitted]; *see Howard v Espinosa*, 70 AD3d 1091, 1092 [2010]; *Drexler v Melanson*, 301 AD2d 916, 917-918 [2003]).

Here, in opposition to defendant's motion, plaintiff submitted the affidavit of Cerniglia, who alleged that, during his examination of plaintiff, he observed objective signs of injury in that she suffered from spasms and from a limited range of motion compared to the normal range in a variety of contexts. However, inasmuch as Cerniglia did not identify what diagnostic tests he used to determine plaintiff's limitations, we are unable to ascertain whether such tests were objectively based or whether they were based entirely on subjective input.[1] Thus, his affidavit is insufficient to raise a triable question of fact with regard to

---

1. While Cerniglia does allege that he noted a "positive O'Donohue's test," and that plaintiff was "positive with regard to cervical compression," he fails to describe these tests, explain their significance or relate them in any way to

the category of significant limitation of use (*see Tuna v Babendererde*, 32 AD3d at 577; *John v Engel*, 2 AD3d 1027, 1029-1030 [2003]; *Pinkowski v All-States Sawing & Trenching*, 1 AD3d 874, 875 [2003]; *Trotter v Hart*, 285 AD2d at 773; *see also Dugan v Sprung*, 280 AD2d 736, 737-738 [2001]).

In addition, Cerniglia's conclusory opinion, set forth in an affidavit more than 2½ years after plaintiff's accident, that plaintiff's injuries "were of a type which would have prevented her from, and did prevent her from, performing her usual, customary and daily activities . . . for the period of time from the date of the collision until at least August of 2007" was insufficient to establish a serious injury under the 90/180-day category, particularly in view of the absence of any medical restrictions placed on her activities (*see Tuna v Babendererde*, 32 AD3d at 576, 577; *Drexler v Melanson*, 301 AD2d at 918-919; *Trotter v Hart*, 285 AD2d at 773). Nor has plaintiff proffered her own sworn affidavit specifying the manner in which she was prevented from performing substantially all of her usual and customary daily activities for the requisite time period (*see Saleh v Bryant*, 49 AD3d 991, 993 [2008]; *Clements v Lasher*, 15 AD3d 712, 713-714 [2005]; *Davis v Evan*, 304 AD2d 1023, 1025-1026 [2003]). Furthermore, Cerniglia's affidavit provides no opinion as to the permanency of plaintiff's injuries. In any event, inasmuch as his affidavit was based upon his examinations conducted at least 18 months earlier,[2] not on any recent medical examination, and fails to explain the cessation of plaintiff's treatment, it would be deficient as a matter of law to establish permanency (*see Trotter v Hart*, 285 AD2d at 773; *see also Tuna v Babendererde*, 32 AD3d at 577; *John v Engel*, 2 AD3d at 1028-1029). Thus, Supreme Court properly found that plaintiff failed to demonstrate a triable issue of fact with regard to the existence of a serious injury pursuant to any of the statutory categories alleged.

Rose, J.P., Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

a limitation of use. Nor do his office notes provide any clarity, as they are indecipherable.

2. Cerniglia alleges that he saw plaintiff in January 2008, although there is no evidence that he treated her or performed any tests on that date.