■ TRACY L. HENRY, Appellant, v ROBERT SORGE et al., Respondents. [935 NYS2d 381]—

Rose, J.

Plaintiff commenced this action alleging that, as the result of an April 2005 motor vehicle accident, she suffered a serious

injury to her cervical spine within the meaning of Insurance Law § 5102 (d). After joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion and this appeal ensued.

Initially, defendants presented plaintiff's medical records and examination before trial testimony, the report of an orthopedic surgeon who performed an independent medical examination and concluded that plaintiff's injuries had resolved, and the report of a radiologist who reviewed an MRI of plaintiff's cervical spine conducted in August 2005 and concluded that there was no obvious abnormality. Plaintiff does not dispute that defendants thereby sustained their burden on the motion for summary judgment. To then raise an issue of fact with respect to the permanent consequential limitation or significant limitation of use categories, plaintiff opposed the motion with her chiropractor's report of September 2009. Based on an MRI, clinical evaluation and digital motion X-ray test, all of which had been performed four years earlier in 2005, the chiropractor opined that plaintiff sustained a serious injury because of a finding of disc dehydration at C5-6, "significant destabilization of her cervical spine as a result of disco/ligamentous complex failure at C1-2, C5-6 and C6-7" and "angular motion segment integrity change at C6 with a ratable whole body impairment of 25%." Plaintiff contends that this evidence rebutted defendants' prima facie case. We cannot agree.

The finding of disc dehydration and the alleged injury to plaintiff's ligaments are insufficient to establish serious injury in the absence of any objective evidence of any current, corresponding limitations (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]; *John v Engel*, 2 AD3d 1027, 1029 [2003]; *June v Gonet*, 298 AD2d 811, 813 [2002]). Also, plaintiff offered no objective medical evidence of any present limitation in her range of motion, as the range of motion testing relied on by her chiropractor was performed in 2005, only days after the accident. Although the chiropractor's report is replete with diagnostic images, there is nothing in it to objectively indicate that the results remained valid four years later (*see Blanchard v Wilcox*, 283 AD2d 821, 823 [2001]). Further, the conclusion of 25% "whole body impairment" is meaningless in the absence of any specification of the impairment as related to the cervical spine (*see Beaubrun v New York City Tr. Auth.*, 9 AD3d 258, 259 [2004]). In short, plaintiff failed to provide any current, objective medical evidence of a permanent or significant injury (*see Dean v Ahn Ja Jin*, 78 AD3d 1297, 1299 [2010]; *Wolff v Schweitzer*, 56 AD3d 859, 861-682 [2008]; *Pugh v DeSantis*, 37 AD3d 1026, 1029 [2007]).

Finally, the record reveals that this accident occurred in April of plaintiff's senior year of high school. She missed one week of school and two weeks of work, medical providers placed no significant restrictions on her activities during the first 180 days after the accident and she was able to go to school, attend her senior prom and participate in a senior trip to an amusement park. Given the evidence that plaintiff was not prevented from performing substantially all of her usual activities for 90 out of the first 180 days immediately following the accident, she has failed to raise a triable issue of fact with respect to that category of serious injury as well (*see Houston v Hofmann*, 75 AD3d 1046, 1049 [2010]; *Parks v Miclette*, 41 AD3d 1107, 1111 [2007]; *John v Engel*, 2 AD3d at 1029-1030).

Mercure, A.P.J., Peters, Spain and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.