MARY CRAWFORD-REESE, Appellant, v JOSEPH L. WOODARD, Respondent. [944 NYS2d 333]—

Spain, J. Appeal from an order of the Supreme Court (Kramer, J.), entered February 24, 2011 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action alleging that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of an October 2006 motor vehicle accident in the City of Schenectady, Schenectady County. Defendant—the driver of the vehicle that collided with plaintiff's vehicle—successfully moved for summary judgment dismissing the complaint. Plaintiff appeals, and we affirm.

"As the proponent of the summary judgment motion, defendant had the threshold burden of establishing by competent medical evidence that plaintiff did not sustain a serious injury caused by the accident" (*Clark v Basco*, 83 AD3d 1136, 1137 [2011] [citations omitted]; *see MacMillan v Cleveland*, 82 AD3d 1388, 1388 [2011]). Plaintiff limits her argument on appeal to the 90/180-day category, rendering all other categories of serious injury abandoned (*see D'Auria v Kent*, 80 AD3d 956, 957 n 2 [2011]; *Mrozinski v St. John*, 304 AD2d 950, 951 [2003]). Our review of the record satisfies us that defendant met his burden of

establishing that plaintiff did not suffer, as a result of the accident, " 'a medically determined injury or impairment of a non-permanent nature which prevent[ed] [her] from performing substantially all of the material acts which constitute [her] usual and customary daily activities' for at least 90 out of the 180 days immediately following the accident" (*Hildenbrand v Chin*, 52 AD3d 1164, 1166 [2008], quoting Insurance Law § 5102 [d]; *see Bowen v Saratoga Springs City School Dist.*, 88 AD3d 1144, 1145 [2011]).

The police report reflects that no injuries were reported at the accident scene and, although plaintiff sought medical treatment at a hospital emergency room eight days later complaining of pain in her chest, neck, shoulder and right knee, radiology reports from the hospital indicate calcification and arthritic changes, with no acute fractures or malalignment. Thereafter, several times over the next few months, plaintiff sought medical treatment for various complaints, including chest, head, neck, arm, hip and knee pain, but no limitation of range of motion was documented in the months following her accident, nor were there any recommendations for limitations on plaintiff's work or activities. Diagnoses by various physicians who examined plaintiff during this period included muscle strain, tendinitis, mild arthritis, degenerative arthritis and obesity.* Two independent medical examinations conducted on plaintiff by different doctors in 2007 found no disabilities that would limit her work status or daily activities. Significantly, plaintiff could not remember whether she had been working at the time of the accident or enrolled as a student but, in any event, no evidence was submitted demonstrating that plaintiff missed any time from work or classes as a result of her injuries.

As this evidence was more than sufficient to establish a prima facie case that plaintiff did not suffer a 90/180-day serious injury, the burden shifted to plaintiff to raise a triable issue of fact (*see Houston v Hofmann*, 75 AD3d 1046, 1048 [2010]; *Clark v Basco*, 83 AD3d at 1138). Plaintiff submitted the affidavit and examination report of Michael Adamec, a chiropractor who treated plaintiff on September 15, 2010, almost four years after the accident. Adamec opined that, as the result of the 2006 accident, plaintiff suffered from a torn left bicep and various knee injuries that were not the result of common aging and which prevented

---

* In 1994 plaintiff was found to be disabled within the meaning of the Social Security Act, based upon, among other things, degenerative disc disease of the lumbar spine and moderate obesity. Her medical history also includes a fractured sternum and left wrist as the result a motor vehicle accident in the late 1990s and whiplash in another motor vehicle accident, date unknown.

plaintiff from performing all or substantially all of the material acts that constituted her usual and customary daily activities from the date of the accident going forward. Even viewing this evidence in the light most favorable to plaintiff, it is insufficient to raise a triable issue of fact under the 90/180-day serious injury category. Adamec's conclusory opinion that plaintiff's injuries limited her daily activities years prior to his examination is unsupported by any medical restrictions placed upon her during the 180 days following the accident (*see Houston v Hofmann*, 75 AD3d at 1049; *Drexler v Melanson*, 301 AD2d 916, 918-919 [2003]).

Further, although quantitative testing of an injury made years after an accident may be relevant to ascertain the severity of a permanent injury suffered by a plaintiff (*see Perl v Meher*, 18 NY3d 208, 217 [2011]), contemporaneous findings of injury are highly relevant to causation (*see id.* at 218) and to establishing the 90/180-day category of serious injury (*see Houston v Hofmann*, 75 AD3d at 1049; *Tuna v Babendererde*, 32 AD3d 574, 577 [2006]). As plaintiff did not come into Adamec's care until years later, he is not competent to discuss plaintiff's activities during the months immediately following the accident (*see Tuna v Babendererde*, 32 AD3d at 577). Accordingly, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.

Rose, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.

