Altieri v Liccardi (2018 NY Slip Op 05258)





Altieri v Liccardi


2018 NY Slip Op 05258


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

526094

[*1]ALEXIS ALTIERI, Respondent,
v
BARBARA LICCARDI, Appellant.

Calendar Date: June 4, 2018

Before: McCarthy, J.P., Egan Jr., Lynch and Aarons, JJ.


Pemberton & Briggs, Schenectady (Paul Briggs of counsel), for appellant.
Conway & Kirby, PLLC, Delmar (Dana M. Boniewski of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Supreme Court (Ryba, J.), entered April 6, 2017 in Albany County, which, among other things, denied defendant's motion for summary judgment.
In July 2010, plaintiff was injured after defendant, her aunt, drove over her right foot with a car. Plaintiff thereafter commenced this action alleging that she sustained a serious injury within the meaning of Insurance Law § 5102 (d). In the bill of particulars, plaintiff claimed a serious injury under the permanent consequential limitation of use of a body organ or member, the significant limitation of use of a body function or system and the 90/180-day categories. Following discovery, defendant moved for summary judgment on the basis that plaintiff did not sustain a serious injury. Plaintiff cross-moved for partial summary judgment on the issue of liability. In an April 2017 order, Supreme Court denied defendant's motion and granted plaintiff's cross motion. Defendant now appeals.
We conclude that defendant met her initial burden of demonstrating that plaintiff's alleged foot injury did not constitute a serious injury under the permanent consequential limitation and significant limitation of use categories (see McIntyre v Village of Liberty, 151 AD3d 1367, 1367 [2017]; Clausi v Hall, 127 AD3d 1324, 1325 [2015]; Davis v Cottrell, 101 AD3d 1300, 1301-1302 [2012]; Burford v Fabrizio, 8 AD3d 784, 785 [2004]). Plaintiff's medical record from Albany Memorial Hospital indicated that plaintiff was seen in the emergency department and that she had a contusion on her right foot, she was able to bear weight and walk without difficulty, her "toes [were] okay without subungual hematoma" and the X ray of her right foot revealed "no bony abnormality or fracture." According to a report by a physician [*2]who examined plaintiff in August 2010, plaintiff had no swelling in her foot, her neurovascular structures were normal and her X rays were likewise normal. Plaintiff also had an MRI taken in August 2010, and the MRI report indicated that plaintiff had "mild to moderately severe bone bruising/osseous contusions." Defendant also submitted reports from an orthopedic surgeon, who noted, upon an examination of plaintiff in August 2010, that she had "no sign of forefoot abduction, severe bruising, swelling or point tenderness" and that an examination in October 2010 revealed "no palpable tenderness, pain, bruising or pain with range of motion." A physician who conducted an independent medical examination of plaintiff and reviewed her medical records concluded in his report that plaintiff, as a consequence of the accident, did not suffer a serious injury but rather had "a right foot contusion with radiographic evidence of bony contusions, now resolved." The physician stated that the radiographic evidence failed to document any evidence of a fracture and that plaintiff's physical findings "have essentially been negative throughout her course of treatment." The physician also noted that plaintiff had full range of motion and that plaintiff was capable of a single leg toe stance and toe walking on both lower extremities.
In opposition to defendant's prima facie showing, "it was incumbent upon plaintiff to submit competent medical evidence based upon objective medical findings and diagnostic tests to support her claim of a serious injury" (Houston v Hofmann, 75 AD3d 1046, 1048 [2010] [internal quotation marks, brackets and citations omitted]; see Raucci v Hester, 119 AD3d 1044, 1045-1046 [2014]; Hildenbrand v Chin, 52 AD3d 1164, 1165 [2008]). "[I]n order to establish a permanent consequential limitation or a significant limitation of use, the medical evidence submitted by [the] plaintiff must contain objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing [the] plaintiff's present limitations to the normal function, purpose and use of the affected body organ, member, function or system" (John v Engel, 2 AD3d 1027, 1029 [2003] [citation omitted]). Plaintiff presented an affirmation from a treating physician, who averred that, based on findings from a sensory nerve study that he conducted, plaintiff's "right deep peroneal sensory response was attenuated compared to her left (non-injured foot)" and that "[t]he difference was found to be 50-55% which was of some significance in terms of side to side differential." The treating physician further opined that the sensory nerve study revealed objective signs that plaintiff had "an injury to the deep peroneal sensory branch of the right foot" and that such injury was permanent. Plaintiff also submitted an affirmation from a treating orthopedic surgeon, who discussed the testing performed on plaintiff, and concluded that the findings indicated that she sustained a crush injury to her right foot and that her injuries would be "chronic in nature." Viewing this evidence in the light most favorable to plaintiff, a triable issue of fact exists as to whether plaintiff sustained a serious injury under the permanent consequential and significant limitation of use categories (see Raucci v Hester, 119 AD3d at 1045; Hyatt v Maguire, 106 AD3d 1180, 1181 [2013]; Hildenbrand v Chin, 52 AD3d at 1165; Dooley v Davey, 21 AD3d 1242, 1244 [2005]).
Plaintiff's claim under the 90/180-day category, however, should have been dismissed. Although the physician who conducted an independent medical examination of plaintiff did not opine in his report whether plaintiff's daily activities were curtailed during the relevant time period, this was not the sole evidence relied upon by defendant in seeking dismissal of plaintiff's claim under the 90/180-day category. In this regard, the reports and records from plaintiff's medical providers did not contain any restrictions or limitations on her daily activities (see Eason v Blacker, 155 AD3d 1180, 1182 [2017]; Shea v Ives, 137 AD3d 1404, 1405-1406 [2016]; Cole v Roberts-Bonville, 99 AD3d 1145, 1147-1148 [2012]; Henry v Sorge, 90 AD3d 1355, 1357 [2011]). Indeed, plaintiff was discharged from the emergency department at Albany Memorial [*3]Hospital in good condition with instructions to elevate her foot and treat it with ice and to take ibuprofen. Plaintiff still attended school and "[t]he limitations placed upon her with respect to sports and physical education, even for an extended period, is not enough" to meet the serious injury threshold (Jones v Norwich City School Dist., 283 AD2d 809, 812 [2001]; see Henry v Sorge 90 AD3d at 1357; Below v Randall, 240 AD2d 939, 940 [1997]). Because the record fails to disclose any triable issue of fact regarding plaintiff's claim under the 90/180-day category, it should have been dismissed (see Larrabee v Bradshaw, 96 AD3d 1257, 1261 [2012]; Houston v Hofmann, 75 AD3d at 1048-1049; Clements v Lasher, 15 AD3d 712, 713-714 [2005]).
Finally, we conclude that Supreme Court correctly granted plaintiff's cross motion for partial summary judgment on the issue of liability. Plaintiff testified that, prior to entering defendant's car, she leaned in to move items out of the way so that she could sit on the seat. Before plaintiff finished moving the items, the car moved and ran over her right foot. Plaintiff denied being inside the car before the car moved. Although defendant testified that she saw plaintiff get inside the car, she only "believe[d]" that plaintiff's feet were in the car. Defendant further stated that she never checked, nor did she know for sure, whether plaintiff was fully inside the car prior to moving. In view of the foregoing, summary judgment in favor of plaintiff on the issue of liability was properly granted (see generally Andre v Pomeroy, 35 NY2d 361, 364-365 [1974]).
McCarthy, J.P., Egan Jr. and Lynch, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment dismissing that part of the complaint alleging that plaintiff suffered a serious injury in the 90/180-day category; motion granted to said extent; and, as so modified, affirmed.