OPINION OF THE COURT
 

 Smith, J.
 

 The No-Fault Law provides a plan for compensating victims of automobile accidents for their economic losses without
 
 *297
 
 regard to fault or negligence. An injured party may bring a plenary action in tort, however, to recover for non-economic loss, pain and suffering, but must show that he or she has suffered a serious injury within the meaning of the No-Fault Law. The issue before this Court is whether a party bringing a claim under the no-fault serious injury category of “permanent loss of use of a body organ, member, function or system” is required to prove that the loss of use is significant or consequential.
 

 We conclude that only a total loss of use is compensable under the “permanent loss of use” exception to the no-fault remedy. Insofar as plaintiffs have not established total “loss of use” and have abandoned any claim concerning a “permanent consequential limitation” or “significant limitation of use of a body function or system,” they have failed to establish a “serious injury” within the meaning of the No-Fault Law.
 

 Plaintiff Richard Oberly, a dentist, was injured while being transported in an ambulance owned by defendant Bangs Ambulance. Plaintiff was positioned face-up on a stretcher with an IV needle in his arm, and a five-pound TV pump was set on a shelf above him. While in transit, the ambulance struck a curb, and the IV pump toppled from the shelf and fell on his right forearm. Plaintiff suffered bruising and continues to complain of pain and cramping in that arm, which pain allegedly limits his ability to practice as a dentist.
 

 Plaintiff and his wife commenced this personal injury action for negligence, alleging a serious injury under the No-Fault Law, Insurance Law § 5102 (d),
 
 [1]
 
 in Supreme Court against defendant, asserting that plaintiff had suffered a serious injury. In response to defendant’s demand that they particularize the serious injury, plaintiffs identified four of the plausible injury standards under Insurance Law § 5102 (d): “significant disfigurement,” “permanent loss of use of a body organ, member, function or system,” “permanent consequential limitation of use of a body organ or member” and “significant limitation of use of a body function or system.” Following joinder of issue, defendant moved for summary judgment. In opposing summary judgment, plaintiffs abandoned all of the cited serious injury standards except for the “permanent loss of use of a body organ, member, function or system” standard.
 

 
 *298
 
 Supreme Court dismissed plaintiffs’ action for lack of evidence that he had suffered a serious injury. The Appellate Division affirmed, ruling that the statute requires a party claiming a partial loss of use of a body “organ or member” to show that the limitation is “consequential or significant,” and that plaintiff had not met that threshold. The two dissenting Justices concluded that the nerve damage to plaintiff’s arm could constitute a partial loss of use of a body “function or system,” for which no proof of significance was required.
 

 On this appeal, plaintiffs argue that the statute does not require proof that a “permanent loss of use” of a body member is significant even if the loss is only partial. They also contend that the limitation of the use of plaintiff’s arm itself qualifies as “permanent loss of use of a body organ, member, function or system.” We disagree.
 

 The No-Fault Law was adopted by the Legislature in 1973 to assure prompt and full compensation for economic loss and to provide for non-economic loss in the case of serious injury
 
 (see, Montgomery v Daniels,
 
 38 NY2d 41, 46-47; Insurance Law § 5104 [a] [formerly § 673 (1)]). As originally enacted, it contained two categories of “serious injury”: first, claims for death, dismemberment, significant disfigurement, certain types of fractures and permanent loss of use of a body organ, member, function or system and second, claims for medical charges as a result of an injury that exceeded $500. In 1977, this section was replaced with the present section, which defines a serious injury as
 

 “a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of fetus;[
 
 2
 
 ] permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute' such person’s usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment” (Insurance Law § 5102 [d]).
 

 
 *299
 
 The serious injury category at issue, “permanent loss of use,” has been in place since 1973 without legislative change. Until today, however, the question of how this statutory section should be construed has never been squarely before this Court. We hold that to qualify as a serious injury within the meaning of the statute, “permanent loss of use” must be total.
 

 Our holding today proceeds from both the statutory text and from the conclusion that the Legislature, in amending the definition of “serious injury” in 1977, meant to create a consistent framework. First, the statute speaks in terms of the loss of a body member, without qualification. Thus, the legislative intent is shown in the actual wording of the statute
 
 (Majewski v Broadalbin-Perth Cent. School Dist.,
 
 91 NY2d 577, 583). Second, requiring a total loss is consistent with the statutory addition, in 1977, of the categories “permanent consequential limitation of use of a body organ or member” and “significant limitation of use of a body function or system.” Had the Legislature considered partial losses already covered under “permanent loss of use,” there would have been no need to enact the two new provisions
 
 (see, Matter of New York Life Ins. Co. v State Tax Commn.,
 
 80 AD2d 675, 677,
 
 affd
 
 55 NY2d 758 [a court will not by implication read into a statute a limitation for which no sound reason can be found and which would render the clause futile]).
 

 While the Appellate Division properly affirmed the dismissal of plaintiffs’ claim, it improperly engrafted the term “partial” to the “loss of use” standard. Because both the “permanent consequential limitation of use” standard and the “loss of use” standard require a permanent injury, and because there is no qualitative difference between a partial “loss of use” and a “limitation of use,” engrafting the term “partial” creates a redundancy.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed, with costs.
 

 [1]
 

 . Chapter 13 of the Laws of 1973 is formally known as The Comprehensive Automobile Insurance Reparations Act and took effect on February 1, 1974. Enacted as article 18 of the Insurance Law, it was renumbered by chapter 367 of the Laws of 1984.
 

 [2]
 

 . This category was added in 1984.