■ KERSTIN GILMAN et al., Appellants, v KIMBERLY J. KELLMAN et al., Respondents, et al., Defendants. [754 NYS2d 380] —Kane, J. Appeal from an order of the Supreme Court (Kramer, J.), entered December 5, 2001 in Schenectady County, which, inter alia, granted a motion by defendants Kimberly J. Kellman and Edward C. Kellman for summary judgment dismissing the complaint against them.

Plaintiff Kerstin Gilman and her husband, derivatively, commenced this action to recover damages for injuries she allegedly sustained when she was rear-ended by a vehicle operated by defendant Kimberly J. Kellman and owned by defendant Edward C. Kellman in the Town of Niskayuna, Schenectady County, in January 1997. In turn, Gilman's vehicle collided with the rear of the vehicle in front of her. Following joinder of issue and discovery, the Kellmans moved for summary judgment dismissing the complaint alleging that Gilman did not sustain a serious injury pursuant to Insurance Law § 5102 (d). Plaintiffs cross-moved for partial summary judgment against the Kellmans on the issue of liability. The Kellmans' motion was granted rendering plaintiffs' cross motion academic. This appeal by plaintiffs followed.

We affirm. " 'On a motion for summary judgment such as here, the defendant must present evidence establishing that the plaintiff has not sustained a serious injury as a matter of law; only then must the plaintiff submit evidence to raise a question of fact' " (*Funke v Stafford*, 233 AD2d 611, 612, quoting *Colvin v Maille*, 127 AD2d 926, 926, *lv denied* 69 NY2d

611; *see Millick v Whatman*, 253 AD2d 996, 997). Plaintiff claims that she sustained a significant limitation in the use of her cervical and lumbar spine areas and was unable to engage in substantially all of her customary daily activities for a period of 90 days during the 180 days following the accident. In support of their motion, the Kellmans submitted the affirmation of an orthopedist, who examined plaintiff in December 2000, plaintiff's examination before trial testimony and medical treatment records. The Kellmans' expert concluded that based on his examination and a review of plaintiff's medical records, including her MRIs, "[n]o causally related disability is determined for what appears to be limited cervical lumbar strains." He further observed that plaintiff did not appear to be in "any manifest physical distress," and there was no objective medical evidence to support a serious injury. Accordingly, we conclude that the Kellmans satisfied their burden of coming forward with a prima facie showing that plaintiff did not sustain a serious injury within the two categories alleged and the burden then shifted to plaintiffs to raise a triable issue of fact with respect thereto (*see Gaddy v Eyler*, 79 NY2d 955, 957).

Conversely, plaintiffs failed to meet their burden of presenting any objective medical evidence to support a claim of serious injury. Plaintiffs first contend that Gilman has suffered a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). "Significant" means "something more than a minor limitation of use" (*Licari v Elliott*, 57 NY2d 230, 236). Although the affidavit of Gilman's physician states that she has lost 50% of the use of her cervical spine area and 50% of the use of her lumbar spine area, neither the physician's affidavit nor her office records refers to any objective medical tests or notations that would support the doctor's conclusions (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 357-358). The accident occurred on January 21, 1997. Office visits on January 22, 24 and 28, 1997 disclosed muscle tenderness and tightness and complaints of pain and numbness. On the January 24, 1997 office visit, the doctor makes a notation of "back spasms." On plaintiff's March 11, 1997 visit, the doctor notes that Gilman complained of "really bad back and shoulder pain" during the previous week, but that on this visit she was fine, observing that "she has good range of motion with her back, with her shoulder and with her leg * * * [with] a normal gait." The physician's medical record from her March 31, 1997 examination of Gilman notes her complaints of upper back and arm pain. Upon examination, however, the doctor finds that Gilman has "fairly decent range of motion with the arm and shoulder.

She has normal reflexes. She does have a complaint of a lot of pain when I move her arm and when I palpate her back."

Gilman's next visit to the doctor was not until February 1998, at which time there are no complaints of pain. On April 9, 1999, more than two years after the accident, plaintiff next visits her doctor, complaining of pain. For the first time since January 24, 1997, spasms are noted. On plaintiff's June 18, 1999 visit, Gilman's doctor notes tenderness of paraspinal and trapezius muscles, continued complaints of pain, and muscle tenderness with muscle spasms. On March 2, 2000, she again sees her doctor with continuing complaints of pain and muscle tenderness with muscle spasms noted. Her final medical visit relating to the motor vehicle accident is on September 5, 2001 when the doctor's notes reveal complaints of muscle tightness and tenderness. Gilman had numerous other visits to her doctor between her June 18, 1999 appointment and September 1, 2000, the notes of which contain no reference to any back or neck pain. As a result of continued complaints, she was referred by her primary physician to a W. James Smith who conducted EMG nerve conduction studies which showed no abnormalities or peripheral neuropathy and to a neurosurgeon who was unable to relate any of Gilman's symptoms to some minimal changes noted on her MRI scan. In essence, Gilman has numerous complaints of pain and other symptoms which bear no relationship to any objectively determined injury (see id. at 357).

We further find that plaintiffs have failed to establish that Gilman's injury caused a 90 out of 180-day curtailment of substantially all her normal activities. Despite the statements in the affidavit by her physician alleging that her injuries have been and will continue to be exacerbated by her "ordinary daily activity," the affidavit fails to refer to objective medical findings to support this determination. Instead, the findings appear to be based solely on Gilman's subjective complaints of pain and discomfort, "all of which were insufficient to support a claim for serious injury" (Bennett v Reed, 263 AD2d 800, 801). Significantly, Gilman was confined to home for only two days following the accident.

Based upon the lack of any objective medical proof, we find that plaintiffs failed to raise an issue of fact as to whether Gilman sustained a significant limitation of use or a medically determined injury or impairment that prevented her from performing substantially all of her ususal and customary daily activities for not less than 90 days during the 180 days immediately following the accident (see Toure v Avis Rent A Car Sys., supra at 357). Accordingly, in view of its determination, Supreme Court properly denied plaintiffs' cross motion.

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.