LORETTA R. BURFORD, Appellant, v MARIE FABRIZIO, Respondent. [777 NYS2d 810]—

Cardona, P.J. Appeal from an order of the Supreme Court (Lebous, J.), entered July 9, 2003 in Broome County, which partially granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover for back and neck injuries she allegedly sustained in a motor vehicle accident with defendant's vehicle. Following joinder of issue, plaintiff served a bill of particulars alleging, among other things, that she sustained serious injuries which caused a significant limitation of use of her musculoskeletal system and prevented her from performing her "usual and customary daily activities" for 90 of the 180 days immediately following the accident (*see* Insurance Law § 5102 [d]). Thereafter, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury under Insurance Law § 5102 (d). While noting defendant's concession that plaintiff had a viable cause of action for economic loss (*see* Insurance Law § 5102 [a]; § 5104), Supreme Court, in all other respects, found that plaintiff failed to raise questions of fact as to whether she had sustained a serious injury and dismissed her claims.

We begin with plaintiff's allegation of serious injury in the significant limitation of use category. In support of defendant's motion, the sworn report of Edward Sugarman, an orthopedic consultant, was proffered. Based upon his review of plaintiff's history and medical records, he opined that she had suffered "a mild cervical and lumbar strain" due to the accident. Because his physical examination revealed no objective evidence of such a strain, he opined that her injury "has now cleared" and concluded that plaintiff did not sustain a permanent total loss of use or consequential limitation of use of a body part or organ as a result of the accident. Inasmuch as Sugarman found no evidence of an ongoing injury, defendant met her burden that plaintiff did not sustain a serious injury in the significant limitation of use category (*see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Dongelewic v Marcus*, 6 AD3d 943, 944 [2004]; *June v Gonet*, 298 AD2d 811, 811 [2002]).

As a result, the burden shifted to plaintiff to produce "competent medical evidence based upon objective medical findings and diagnostic tests to raise an issue of fact" (*Barbagallo v Quackenbush*, 271 AD2d 724, 725 [2000]; *see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *Franchini v Palmieri*, 307 AD2d 1056, 1057 [2003], *affd* 1 NY3d 536 [2003]). Her treating physician, Kevin Hastings, affirmed that her range of motion was limited to 30% to 50%, however, he failed to identify any diagnostic tests that he had performed or provide any other objective medical basis for his findings (*see Temple v Doherty*, 301 AD2d 979, 981-982 [2003]; *Gillick v Knightes*, 279 AD2d 752, 752 [2001]; *cf. Durham v New York E. Travel*, 2 AD3d 1113, 1114-1115 [2003]). Plaintiff also submitted the independent

medical examination report of David Kammerman, which indicated that a postaccident X ray showed "partial reversal of the normal cervical lordosis and degenerative disc changes." However, he did not relate those conditions to the accident or to plaintiff's symptoms (*see Sorriento v Daddario*, 282 AD2d 957, 958 [2001]; *Barbarulo v Allery*, 271 AD2d 897, 900 [2000]). Nor did he relate his findings of muscle tenderness in various areas and limited range of motion in the cervical spine to any diagnostic tests or other objective medical evidence (*see Gilman v Kellman*, 300 AD2d 865, 867 [2002]; *Carota v Wu*, 284 AD2d 614, 616 [2001]). In the absence of competent medical proof of a significant limitation of use, defendant was entitled to summary judgment dismissing that claim.

Turning to plaintiff's allegation of serious injury in the 90/180-day category, we note that defendant's expert did not offer an opinion as to whether plaintiff suffered an injury which limited her daily activities for 90 of the 180 days immediately after the accident (*see* Insurance Law § 5102 [d]). As a result, defendant did not sustain her burden of proof in that category (*see Lowell v Peters*, 3 AD3d 778, 780 [2004]; *Tornatore v Haggerty*, 307 AD2d 522, 523 [2003]) and, thus, was not entitled to summary judgment with respect to that category of serious injury.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for summary judgment dismissing that part of the complaint as alleged that plaintiff sustained a serious injury in the 90/180-day category; motion denied to that extent; and, as so modified, affirmed.