GINGER R. BEUTEL, Respondent, v TYLER J. GUILD et al., Appellants. [813 NYS2d 342]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered March 22, 2005 in a personal injury action. The order denied defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the complaint, as amplified by the bill of particulars, with respect to the permanent loss of use of a body organ, member, function or system category of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she sustained when the vehicle driven by plaintiff was rear-ended by a vehicle operated by defendant Tyler J. Guild and owned by defendant Stephen L. Giroux. Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint, as amplified by the bill of particulars, insofar as plaintiff alleges that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury. Although defendants met their initial burden on the motion with respect to those categories by submitting the report of their examining physician stating that plaintiff sustained no injuries as a result of the accident, plaintiff raised triable issues of fact by submitting the requisite objective evidence that she sustained injuries in the accident within the meaning of those categories (*see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352-353 [2002]). The court also properly denied the motion with respect to the 90/180 category of serious injury. Although defendants met their initial burden, plaintiff raised a triable issue of fact by submitting evidence establishing that she was disabled from working for four months following the accident.

We agree with defendants, however, that the court erred in denying their motion with respect to the permanent loss of use category, and we therefore modify the order accordingly. "[O]nly a total loss of use is compensable under the 'permanent loss of use' exception to the no-fault remedy" (*Oberly v Bangs Ambulance*, 96 NY2d 295, 297 [2001]), and there is no evidence in the record that plaintiff sustained the requisite total loss of use. Present—Scudder, J.P., Kehoe, Smith, Green and Pine, JJ.