■ ROBERT K. HALL et al., Respondents, v DAVID S. BARTH et al., Appellants. [825 NYS2d 922]—

Crew III, J. Appeal from an order of the Supreme Court (Lalor, J.), entered April 6, 2006 in Greene County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff Robert K. Hall (hereinafter plaintiff) was involved in a motor vehicle accident on April 27, 2004 when the automobile he was driving collided with a truck parked on the side of the road that was jutting halfway into his lane of travel. As a consequence, plaintiff and his wife, derivatively, commenced this personal injury action against the driver and owner of the truck. After issue was joined and discovery completed, defendants moved for summary judgment dismissing the complaint on the ground that plaintiff had not sustained a serious injury as

defined by Insurance Law § 5102 (d). Supreme Court denied the motion and this appeal ensued.

In support of their motion, defendants offered the affirmation of their examining physician, an orthopedic surgeon, who noted that plaintiff had a definite limitation of motion of the cervical spine in all directions and that forward flexion was limited to 20 degrees and extension to 10 degrees. Nevertheless, he concluded that plaintiff had a mild partial temporary disability from the accident.

In opposition to defendants' motion, plaintiff proffered, among other things, the affidavit of Neil Colman, his treating physician and orthopedic surgeon. Colman stated that upon examination of plaintiff, he detected muscle spasm of the neck and, as late as December 2004 and April 2005, plaintiff had suffered almost total loss of motion of his neck, which Colman attributed to the April 27, 2004 accident. Suffice to say that the findings of significant limitation of motion by defendants' examining physician, together with Colman's findings and opinion, create an issue of material fact as to whether plaintiff has sustained a significant limitation of use of a body function or system.*

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.

---

* While defendants argue that plaintiff has not established that he was prevented from undertaking his usual and customary daily activities for at least 90 of the 180 days following the accident, we need note only that plaintiff did not allege that his injuries qualified for the 90/180 category of serious injury in his complaint or bill of particulars and we, therefore, have not addressed this issue.