Monica Z. Tracy, Appellant, v Meghan A. Tracy, Respondent. [893 NYS2d 672]—

Peters, J.P.

In May 2005, plaintiff was a passenger in an automobile driven by defendant when it was struck from behind by a tractor-trailer. Plaintiff commenced this action claiming serious injury within the meaning of Insurance Law § 5102 (d). Following joinder of issue, defendant moved for summary judgment dismissing the complaint on the grounds that plaintiff did not suffer a causally-related serious injury and lack of personal jurisdiction. In response, plaintiff asserted that, as a result of the

accident, she has sustained a permanent moderate loss of use of her lumbar spine. Supreme Court granted defendant's motion on the ground that plaintiff failed to rebut defendant's prima facie showing that she did not suffer a causally-related serious injury, prompting this appeal.

As a threshold matter, we reject defendant's claim of a lack of personal jurisdiction due to improper service of the summons and complaint. We are satisfied by our review of the record that defendant was properly served through the personal service of her uncle at her "dwelling place or usual place of abode" (CPLR 308 [2]). In support of her remaining contention for summary judgment, defendant bore the burden of establishing that plaintiff did not suffer a causally-related serious injury (see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Hildenbrand v Chin*, 52 AD3d 1164, 1165 [2008]). To that end, defendant submitted the affirmation of physician David Hootnick, who conducted an independent medical examination of plaintiff, and his report based on the examination and his review of plaintiff's medical records. The report detailed plaintiff's complaints of lower back and leg pain in the years prior to the accident, as well as evidence of degenerative disease of the lumbar spine unrelated to the accident, and noted that plaintiff's complaint of neck pain following the accident was anatomically distinct from her subsequent lumbar spine condition. Hootnick further noted that an MRI taken in 2006 revealed no evidence of disc herniation, fracture or dislocation, only progressive degenerative disease of the lumbar spine, and that plaintiff's 2006 surgery to her lumbar spine was brought on by a longstanding chronic condition of stenosis, unrelated to the 2005 accident. We find this evidence sufficient to shift the burden to plaintiff to "set forth competent medical evidence based upon objective medical findings and tests to support [her] claim of serious injury and to connect the condition to the accident" (*Blanchard v Wilcox*, 283 AD2d 821, 822 [2001]).

"Under the permanent loss of use category, a plaintiff must establish that the loss of use is total" (*Saleh v Bryant*, 49 AD3d 991, 992 [2008] [citation omitted]; *see Oberly v Bangs Ambulance*, 96 NY2d 295, 299 [2001]). Plaintiff proffered the affidavit of Matthew Bennett, her treating physician since 2007. Bennett did not, however, opine that plaintiff's loss of use is total, but instead concluded only that she "has a permanent moderate loss of use of her lumbar spine." To the extent that plaintiff claims that she has suffered a permanent consequential limitation in the use of her lumbar spine, in order to establish such a condition "the medical evidence submitted by plaintiff must

contain objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing plaintiff's present limitations to the normal function, purpose and use of the affected body organ, member, function or system" (*John v Engel*, 2 AD3d 1027, 1029 [2003]; *accord Pugh v DeSantis*, 37 AD3d 1026, 1029 [2007]). In his affidavit, Bennett opined that the force of the accident caused plaintiff's preexisting degenerative disease of the lumbar spine to become symptomatic, requiring surgery and leaving plaintiff with a permanent moderate loss of function of the lumbar spine. Bennett did not explain how the accident aggravated plaintiff's condition nor did he set forth any qualitative or quantitative evidence of a limitation in plaintiff's range of motion. Inasmuch as plaintiff has failed to submit any objective evidence sufficient to raise a triable issue of fact regarding the existence of a serious injury pursuant to Insurance Law § 5102 (d), we conclude that the complaint was properly dismissed.

Rose, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.