ELIZABETH MACMILLAN et al., Appellants, v JOSIE A. CLEVELAND, Respondent. [918 NYS2d 263]—

Garry, J.

In October 2005, plaintiff Elizabeth MacMillan (hereinafter plaintiff) was operating a motor vehicle when it was struck by defendant's vehicle. Plaintiffs subsequently commenced this action, claiming serious injury to plaintiff's back and neck within the meaning of Insurance Law § 5102 (d). Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, prompting this appeal. Finding plaintiffs' evidence sufficient to present a factual dispute relative to the significant limitation of use and the 90/180-day categories, we modify the order accordingly.[1]

Defendant bore the initial burden to establish on a prima facie basis that plaintiff did not suffer a causally-related serious injury (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352 [2002]; Wolff v Schweitzer, 56 AD3d 859, 860 [2008]). To that end, defendant proffered plaintiff's medical records, which reflect a long history of back pain, including prior injuries in February, April and July 2005. This evidence of a preexisting condition shifted the burden to plaintiffs to " 'set forth competent medical evidence based upon objective medical findings and tests to support [the] claim of serious injury and to connect the condition to the accident' " (Tracy v Tracy, 69 AD3d 1218, 1219 [2010], quoting Blanchard v Wilcox, 283 AD2d 821, 822 [2001]; see Coston v McGray, 49 AD3d 934, 935 [2008]).

---

1. Plaintiffs' evidence did not reveal a total loss of use, as required to establish a claim under the permanent loss of use category (see Oberly v Bangs Ambulance, 96 NY2d 295, 297 [2001]; Tracy v Tracy, 69 AD3d 1218, 1219 [2010]), and the claim of permanent consequential loss of use was not presented in the complaint or bill of particulars (see Hall v Barth, 36 AD3d 1050, 1051 n [2007]).

Plaintiffs were thus required to provide objective medical proof and quantitative or qualitative evidence establishing plaintiff's claimed condition and distinguishing her preexisting conditions from the claimed injury (*see Pommells v Perez*, 4 NY3d 566, 571-572, 577-578 [2005]; *Falkner v Hand*, 61 AD3d 1153, 1154-1155 [2009]).

Plaintiff testified that, at the time of the subject collision, she was employed at an after-school program and volunteered as an emergency medical technician, despite her prior injuries and preexisting physical conditions. She was being treated for these preexisting conditions and injuries by her physician, Ze'ev Weitz. By affidavit, Weitz testified that in the course of his treatment rendered following the collision, he found plaintiff disabled from her work and customary activities for stated periods that ultimately exceeded four months, at which time he released her to return to light duty work. Weitz described specific limitations of use and motion in plaintiff's arm and averred that she "was restricted in all phases of motion in her neck and back." He further compared diagnostic MRI testing obtained before and after the subject collision and opined that this comparison revealed "a marked difference in deterioration and degree of injury of her lower back from L1 to L5." In sum, he concluded that the automobile accident was the cause of plaintiff's disabling condition and that she suffered a significant limitation of use and motion of her neck and lower back, as established by clinical examination and the objective proof of aggravation revealed by the MRI testing.

Notably, Weitz's opinion was based on his treatment and clinical observations made both before and after the subject collision. Nonetheless, his affidavit is insufficient, standing alone, to meet the applicable legal standards, as he failed to specify the percentage of the restrictions in motion or to set forth the underlying clinical tests supporting his stated observations (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 350; *Tuna v Babendererde*, 32 AD3d 574, 577 [2006]). Plaintiffs made further submissions, however, which we find adequate to cure these deficiencies. A chiropractor who treated plaintiff for her preexisting condition prior to the collision and continuing thereafter stated by affidavit that plaintiff's symptoms "were substantially aggravated by the motor vehicle accident," and provided a recent assessment of plaintiff's cervical and lumbar limitations by specified degree, opining that the limitations were significant. Further, plaintiff's no-fault carrier had a medical evaluation performed by orthopedic surgeon Lawrence Schulman. Schulman performed a detailed analysis of plaintiff's

prior history and opined that the subject collision "aggravated and contributed to her condition." An additional orthopedic evaluation was performed by Shashi Patel, upon request of the workers' compensation carrier relative to one of plaintiff's prior injuries. Among other stated findings, Patel noted that his examination revealed "moderate muscle spasm" in plaintiff's paravertebral musculature (*see Weaver v Howard*, 206 AD2d 793, 793 [1994]).[2] Patel opined that plaintiff's preexisting degenerative condition was aggravated by a prior work-related injury, and then reaggravated by the subject collision. He apportioned 50% of her continuing "moderate to marked disability referable to the lumbar spine" to each of these two occurrences.

Schulman and Patel each prepared detailed reports setting forth the findings of their respective evaluations, and each attributed disability to the collision after specifically considering the effects of plaintiff's preexisting condition. Notably, these physicians were retained for this very purpose by their respective insurance carriers, as the carriers would not be responsible for payment without a finding of causal relationship following analysis of the various relevant factors affecting plaintiff's physical condition. Further, defendant did not present any medical expert opinion refuting the evaluators' conclusions, but established her prima facie case solely by introducing the records of plaintiff's prior injuries and conditions. While evidence of this nature is sufficient to meet a party's initial burden of proof (*see Franchini v Palmieri*, 1 NY3d 536, 537 [2003]; *Tuna v Babendererde*, 32 AD3d at 575), the opinions of Schulman and Patel regarding causation thus stand unrefuted by medical testimony in this record. Viewing this evidence in the light most favorable to plaintiffs (*see Hildenbrand v Chin*, 52 AD3d 1164, 1166 [2008]), we find the proof sufficient to meet their burden to demonstrate the existence of triable issues of fact as to the significant limitation of use category of serious injury.

As to the 90/180-day category, plaintiffs were required to submit objective evidence of a "medically determined injury or impairment of a non-permanent nature which prevent[ed] [plaintiff] from performing substantially all of the material acts which constitute [her] usual and customary daily activities" during at least 90 of the 180 days immediately after the ac-

---

**2.** This finding was stated in the portion of the report describing the particulars of the clinical physical examination. In contrast to the dissent, we perceive no basis for a negative inference arising from the failure of this physician to present greater detail describing his precise clinical methodology; whether this finding was made upon palpation or visual observation, it was within the realm of his expertise, and does not require further development at the summary judgment stage (*see Hall v Barth*, 36 AD3d 1050, 1051 [2007]).

cident (Insurance Law § 5102 [d]; *see Nowak v Breen*, 55 AD3d 1186, 1188 [2008]). Triable issues of fact as to this category are established by the previously-discussed medical evidence, as well as Weitz's affidavit testimony that plaintiff was not capable of performing her normal and customary activities for four months after the October 2005 accident, and plaintiff's affidavit describing her ongoing inability to drive and engage in her previous household activities (*see Secore v Allen*, 27 AD3d 825, 828 [2006]; *Monk v Dupuis*, 287 AD2d 187, 191-192 [2001]).

Kavanagh and Egan Jr., JJ., concur.

Mercure, J.P. (dissenting). We respectfully dissent. The majority properly acknowledges that to satisfy the statutory serious injury threshold—under either the significant limitation of use or 90/180-day category—a plaintiff must submit objective medical evidence of injury (*see e.g. Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]). The majority fails to recognize, however, that "an expert's opinion unsupported by an objective basis [is] wholly speculative" and, thus, "frustrat[es] the legislative intent of the No-Fault Law to eliminate statutorily-insignificant injuries or frivolous claims" (*id.* at 351; *see Pommells v Perez*, 4 NY3d 566, 571-572 [2005]). The undated affidavit of plaintiff Elizabeth MacMillan's (hereinafter plaintiff) treating physician, Ze'ev Weitz, does not meet the required standard.

Weitz did not identify any diagnostic techniques that he used in making his determination regarding plaintiff's arm that were not dependent on her subjective complaints of pain (*see Tuna v Babendererde*, 32 AD3d 574, 577 [2006]; *Burford v Fabrizio*, 8 AD3d 784, 785 [2004]). Nor did Weitz's affidavit specify the nature of the soft-tissue injury—a herniated disc—that plaintiffs now claim to have been shown by objective evidence, i.e., a post-accident MRI upon which Weitz relied in diagnosing her with an injury. "Proof of a herniated disc, without *additional objective medical evidence* establishing that the accident resulted in significant physical limitations, is not alone sufficient to establish a serious injury" (*Pommells v Perez*, 4 NY3d at 574 [emphasis added]). While we have held that " 'an expert's designation of a numeric percentage of a plaintiff's loss of range of motion' " that is corroborated by an MRI showing a soft tissue injury may constitute objective medical evidence (*Durham v New York E. Travel*, 2 AD3d 1113, 1114-1115 [2003], quoting *Toure v Avis Rent A Car Sys.*, 98 NY2d at 350), the expert must explain how the soft tissue injury shown on the MRI "relate[s] to [the] plaintiff's particular physical complaints" (*June v Gonet*, 298 AD2d 811, 812 [2002]; *see Howard v Espinosa*, 70 AD3d 1091, 1093-1094 [2010]; *Burford v Fabrizio*, 8 AD3d at 786).

Weitz's affidavit is patently deficient not only because he failed to specify percentages of limitation and underlying clinical tests or explain the degree to which the October 2005 accident aggravated plaintiff's numerous preexisting conditions, as the majority concludes. The additional critical defects in Weitz's affidavit are the failure to relate the MRI to plaintiff's physical complaints, or to specify any contemporaneous degree of limitation—quantitative or qualitative—related to her neck or back (*see Howard v Espinosa*, 70 AD3d at 1093-1094; *Pianka v Pereira*, 24 AD3d 1084, 1085-1086 [2005]; *June v Gonet*, 298 AD2d at 812-813). Contrary to the majority's view, the medical reports of two other physicians and the affidavit of plaintiff's chiropractor do not cure these deficiencies in Weitz's affidavit. Neither the physicians nor the chiropractor reviewed the results of the November 2005 MRI—the objective evidence upon which plaintiffs purport to rely. The physician's reports and chiropractor's affidavit cannot, therefore, relate the results of the MRI to plaintiff's symptoms and, for that reason alone, these additional submissions cannot be said to cure the deficiency in Weitz's affidavit (*see Burford v Fabrizio*, 8 AD3d at 786; *June v Gonet*, 298 AD2d at 812-813).*

In any event, the limitations in plaintiff's range of motion detailed by her chiropractor and the two physicians are not sufficiently contemporaneous with the accident. Rather, those limitations reflect plaintiff's condition nearly four years, two years, and a year and half after the accident, respectively, and following another motor vehicle accident affecting her neck and back. Finally, while one physician, Shashi Patel, indicated that he detected a back spasm, Supreme Court properly rejected this evidence as lacking in probative value. The majority's conclusion that this finding of a spasm constitutes objective medical evidence despite the absence of any indication of the manner in which the spasm was ascertained is contrary to Court of Appeals precedent. That Court has held that a spasm is not considered objective evidence of an injury absent further evidence that the spasm was "objectively ascertained," such as evidence of the test performed to induce the spasm (*Toure v Avis Rent A Car Sys.*, 98 NY2d at 357).

In short, plaintiffs failed to raise a triable issue of fact regarding the existence of a causally related serious injury. Accord-

---

* Although one physician, Lawrence Schulman, mentioned the existence of the November 2005 MRI, he did not relate its results to plaintiff's particular physical complaints, as required, or even indicate that he reviewed the MRI results; rather, Schulman noted that the MRIs that he reviewed related to a subsequent September 2006 accident.

ingly, we would hold that Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.

Malone Jr., J., concurs. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted defendant's motion for summary judgment dismissing that part of the complaint as alleged that plaintiff Elizabeth MacMillan suffered a serious injury in the significant limitation of use and 90/180-day categories; motion denied to that extent; and, as so modified, affirmed.