■ KAREN E. BOONE, Appellant, v CYNTHIA A. MILANO et al., Respondents. [946 NYS2d 313]—

Kavanagh, J. Appeals (1) from an order of the Supreme Court (Ferradino, J.), entered April 12, 2011 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered October 25, 2011 in Saratoga County, which denied plaintiff's motion for reconsideration.

On April 18, 2008, plaintiff was involved in a motor vehicle accident with a car driven by defendant Cynthia A. Milano and owned by defendant Felix J. Milano. As a result, plaintiff com-

---

menced this action alleging that she suffered injuries to her neck, back and left shoulder, had headaches, as well as "pain from a trauma induced Chiari malformation," and psychological and emotional distress, all of which she alleges were caused by this accident. She claims that she suffered a permanent consequential and significant limitation of use of her cervical spine, neck, lumbar spine, head and left shoulder, and a permanent loss of use of a body organ, member function or system, and that, because of these injuries, she was unable to perform her usual and customary activities for 90 of the 180 days immediately following the accident (*see* Insurance Law § 5102 [d]). Defendants moved for summary judgment dismissing the complaint arguing that plaintiff did not suffer a serious injury in this accident and that her complaints of injury and pain all relate to physical conditions that predated it. Supreme Court granted the motion and dismissed the complaint. Thereafter, plaintiff moved to renew, and the court denied that motion. Plaintiff now appeals from the order granting defendants' motion for summary judgment and the order denying her motion to renew.

Defendants, in support of their motion, made a prima facie showing that plaintiff did not suffer a serious injury in this accident based on information contained in plaintiff's medical records, as well as affidavits and reports from Sheldon Staunton, a neurologist, and Thomas Eagan, a physician specializing in orthopedics, both of whom examined her (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *MacMillan v Cleveland*, 82 AD3d 1388, 1388 [2011]; *Wolff v Schweitzer*, 56 AD3d 859, 860 [2008]). Eagan noted that plaintiff's medical records documented the existence of conditions, as well as complaints she made prior to the accident, that were strikingly similar to the injuries that she now had claimed in her bill of particulars were caused by this accident. He also stated that the Chiari malformation[1] could not be caused by trauma, but rather was structural in nature and had to have existed prior to the accident. As such, Eagan concluded that while plaintiff "may have suffered a mild temporary cervical strain" from the accident, she did not sustain a permanent consequential limitation, a permanent loss of use or significant limitation of a body organ, member, function or system, or any injury that prevented her from performing her usual activities during the 90 of the 180 days immediately following the accident.

---

1. He described a Chiari malformation as "a condition in which crowded brain tissue protrudes into the spinal canal . . . when the skull is abnormally small or misshapen pressing the brain and forcing it downward."

Staunton reported that his neurological examination of plaintiff was "essentially normal," that she had full range of motion to her cervical and left spine, and a fused left elbow as a result of a surgery that predated the accident. Similarly, he attributed the restrictions that plaintiff had in moving her left shoulder to a prior injury and a resulting surgical procedure that was performed prior to the accident. Moreover, Staunton found "no objective findings of any restrictions or limitations" related to the accident and, while plaintiff had subjective complaints of pain, he noted that an MRI performed after the accident revealed only mild degenerative changes and, when compared to an MRI performed prior to the accident, showed that there had been no significant changes in plaintiff's condition. As for plaintiff's Chiari malformation, Staunton observed that she "experienced long-standing and chronic headaches and neck pain" before the accident that could have been caused by this condition. He further found that plaintiff's claimed restrictions or limitations—other than those that existed in her elbow and shoulder—were entirely subjective and self-limiting.

In opposition to defendants' motion for summary judgment, plaintiff was required to present medical evidence that " 'contain[ed] objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing [her] present limitations to the normal function, purpose and use of the affected body organ, member, function or system' " (*Peterson v Cellery*, 93 AD3d 911, 913 [2012], quoting *Dean v Brown*, 67 AD3d 1097, 1098 [2009]). In that regard, plaintiff offered the affirmation of Scott Rosa, a chiropractor who began treating plaintiff 2½ years after the accident.[2] Rosa noted a significant limitation in plaintiff's ability to move her neck, as well as injuries to her spine, back, shoulder and arm, which he found were caused by the motor vehicle accident. However, Rosa failed to account for why plaintiff's preexisting physical maladies were not the source of the injuries and limitations that she now claims were caused by this accident. As such, Rosa's affirmation does not create a factual issue that required denial of defendants' motion for summary judgment, and plaintiff's claims that she suffered a permanent consequential limitation as well as a significant limitation of a body organ, member, function or system were properly dismissed (*see*

---

**2.** Supreme Court refused to consider Rosa's testimony, finding that because he was not a physician, he could not submit an affirmation (*see* CPLR 2106). However, the court noted that even if it considered the assertions set forth in this affirmation, they failed to create a question of fact as to whether plaintiff sustained a serious injury in this accident.

*Franchini v Palmieri,* 1 NY3d 536, 537 [2003]; *Cirillo v Swan,* 95 AD3d 1401, 1402 [2012]; *Foley v Cunzio,* 74 AD3d 1603, 1604-1605 [2010]).

As for the 90/180-day category, plaintiff only missed work after surgery was performed on the Chiari malformation in March 2009—nearly a year after the accident. In addition, her medical records document, and plaintiff admits, that many of the restrictions she now claims were caused by injuries she sustained in this accident—walking her dogs, making crafts and doing housework—all existed before the accident and were apparently caused by medical conditions that predated it (*see Crawford-Reese v Woodard,* 95 AD3d 1418, 1419 [2012]). Finally, Supreme Court properly denied plaintiff's motion to renew—in which she submitted an affidavit by Rosa in support thereof—because said affidavit did not serve to establish that a question of fact existed requiring denial of defendants' motion for summary judgment.

Lahtinen, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the orders are affirmed, with costs.