■ Joan Larrabee, Appellant, v Curtis M. Bradshaw et al., Respondents. [947 NYS2d 659]—

Stein, J. Appeal from an order of the Supreme Court (Kramer, J.), entered July 12, 2011 in Schenectady County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover damages for a variety of injuries to her neck, back and arms that she allegedly sustained as a result of a motor vehicle accident in November 2008. Defendants moved for summary judgment dismissing the complaint on the basis that plaintiff did not suffer a causally related serious injury within the meaning of Insurance Law § 5102 (d) and plaintiff cross-moved for partial summary judgment on the issue of liability. Plaintiff now appeals from Supreme Court's order granting defendants' motion and dismissing the complaint.[1]

"On a motion for summary judgment dismissing a complaint that alleges a serious injury under Insurance Law § 5102 (d), the defendant bears the initial 'burden of establishing by competent medical evidence that plaintiff did not sustain a serious injury caused by the accident' " (Howard v Espinosa, 70 AD3d 1091, 1091-1092 [2010], quoting Haddadnia v Saville, 29 AD3d 1211, 1211 [2006]; see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352 [2002]). Here, plaintiff claims that her injuries constituted a permanent loss of use of her cervical spine, permanent consequential limitation of use of her neck and cervical spine, significant limitation of use of her neck and cervical spine and an injury or impairment that prevented her from performing substantially all of her usual and customary daily activities for at least 90 out of the 180 days following the accident.

In support of their motion, defendants submitted plaintiff's deposition testimony, in which she testified that she worked as a waitress from 1997 to 2004 and had previously worked as a waitress, housekeeper and maid. Although plaintiff testified that she was not aware of any problems with her neck and shoulders before the accident, she was previously determined to be disabled due to arthritis in her spine, and had retired from employment and was receiving Social Security benefits.[2] She also testified that she developed carpal tunnel syndrome from waitressing, which had subsided but became symptomatic again after the accident.

Approximately six days after the collision, plaintiff went to chiropractor Michael Adamec for treatment for pain in her spine, numbness in her hands and aching in her arms. She

1. As noted by Supreme Court, this determination rendered plaintiff's cross motion moot.

2. As noted by Supreme Court, while plaintiff claimed that her disability was only for her lower spine, the decision finding her to be disabled for purposes of Social Security benefits indicated that she had a history of, among other things, neck and back pain, as well as pain in her legs, back, arms and hands.

continues to have neck pain when she turns her head quickly and headaches brought on by muscle spasms in her neck. Her treatment with Adamec alleviated some of the pain in her neck, and she treats herself at home with aspirin and heating pads. She has not received any treatment for her carpal tunnel symptoms since the accident. Plaintiff further testified regarding her daily activities prior to the accident and claimed that she "[cannot] do anything for [her]self at all" and has had difficulty sleeping, among other things, since the accident. However, defendants point to the absence of any objective medical evidence in Adamec's records of plaintiff's treatment to support plaintiff's claim that she was medically curtailed from engaging in her usual and customary activities for 90 out of 180 days following the accident.

Defendants also submitted an independent medical evaluation report prepared by Shashi Patel, an orthopedic surgeon. Patel examined plaintiff in April 2010 and reviewed, among other things, plaintiff's emergency room record, X rays taken of her cervical spine on January 22, 2009 and the report relating thereto, plaintiff's bill of particulars, her response to defendants' discovery demands and her deposition testimony. Based on the foregoing, Patel diagnosed plaintiff with resolved cervical strain and right shoulder sprain. He further opined that plaintiff has mildly restricted range of motion of her spine that is not unusual for a person of her age, as well as some minimal restriction of range of motion of her shoulders, which should not interfere with her daily activities. Patel attributed the numbness in plaintiff's hands to the carpal tunnel syndrome.

We agree with Supreme Court's determination that the foregoing evidence was sufficient to demonstrate defendants' prima facie entitlement to judgment dismissing plaintiff's complaint based upon the lack of a causally related serious injury (see *Toure v Avis Rent A Car Sys.*, 98 NY2d at 351-352; *MacMillan v Cleveland*, 82 AD3d 1388, 1388 [2011]; *Parks v Miclette*, 41 AD3d 1107, 1108-1109 [2007]) by showing that plaintiff's injuries were too "mild, minor or slight" to rise to the level of serious injury (*Pugh v DeSantis*, 37 AD3d 1026, 1029 [2007], quoting *Palmer v Moulton*, 16 AD3d 933, 935 [2005] [internal quotation marks and citations omitted]; see *Toure v Avis Rent A Car Sys.*, 98 NY2d at 350-351), were not permanent and/or were not causally related to the accident. In addition, we agree with defendants' contention that plaintiff's medical records are bereft of any indication that the alleged limitations on plaintiff's activities were medically indicated for 90 out of 180 days im-

mediately following the accident.[3] Thus, the burden shifted to plaintiff to " 'set forth competent medical evidence based upon objective medical findings and tests to support [the] claim of serious injury and to connect the condition to the accident' " (*Tracy v Tracy*, 69 AD3d 1218, 1219 [2010], quoting *Blanchard v Wilcox*, 283 AD2d 821, 822 [2001]; *accord Clark v Basco*, 83 AD3d 1136, 1138 [2011]; *MacMillan v Cleveland*, 82 AD3d at 1388).

In our view, plaintiff failed to meet this burden. In opposition to defendants' motion, plaintiff submitted her own affidavit, in which she averred that, prior to the collision, she had no problems with her neck, arms or back and that her carpal tunnel syndrome and arthritis were both asymptomatic. She also reaffirmed that she was unable to perform her customary daily tasks. In addition, plaintiff submitted an affidavit from Adamec setting forth, among other things, objective findings of limited range of motion based upon his initial examination of plaintiff in November 2008.[4] Adamec diagnosed plaintiff with cervical radiculopathy and cervical and thoracic strain/sprain and opined that plaintiff's cervical pain was causally related to the motor vehicle accident. Adamec also opined that plaintiff's carpal tunnel syndrome was aggravated by the accident and that plaintiff's use of her arms and hands has been significantly limited.

This evidence is insufficient to raise a question of fact as to plaintiff's claims under the permanent consequential limitation or significant limitation of use categories because no test results or other objective medical evidence was provided beyond October 2009. Thus, there was a complete absence of "objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing plaintiff's *present* limitations to the normal function, purpose and use of the affected body organ, member, function or system" (*Pugh v DeSantis*, 37 AD3d at 1029 [internal quotation marks and citations

**3.** The only records before us relate to Adamec's treatment of plaintiff during the period from November 12, 2008 through October 17, 2009. We note that, while they contain an "[a]bbreviation [k]ey," they are handwritten and difficult to decipher. The only comment we were able to discern regarding any medically indicated restrictions on plaintiff's daily activities was made on the date of Adamec's initial examination and indicated that such restrictions were for a period of no more than two weeks. Nor were we able to interpret any quantitative measures or qualitative assessments that might lend further support to plaintiff's serious injury claims.

**4.** Notably, while Adamec's affidavit provides a fair amount of detail regarding his findings and opinions based upon his initial examination of plaintiff, the affidavit merely asks Supreme Court to refer to his records, generally, to support his remaining conclusions, without any detailed discussion or explanation.

omitted]). Likewise, Adamec offers no objective evidence to substantiate his opinion that plaintiff sustained a permanent loss of use and function of her cervical spine and both arms and hands (*compare Byong Yol Yi v Canela*, 70 AD3d 584, 585 [2010]).

Plaintiff also failed to raise a triable issue of fact as to whether she suffered a serious injury under the 90/180-day category. Even assuming that plaintiff's self-serving testimony and affidavit sufficiently allege that she was unable to perform substantially all of her regular activities for the required period of time, such conclusion is not supported by Adamec's records (*see Howard v Espinosa*, 70 AD3d at 1094). Nor is Adamec's conclusory affidavit, which merely parrots the statutory language, sufficient to raise a triable issue of fact (*see generally Oberly v Bangs Ambulance*, 271 AD2d 135, 139 [2000], *affd* 96 NY2d 295 [2001]).

We have examined plaintiff's remaining contentions and find them to be without merit.

Peters, P.J., Mercure, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.