■ Robert D. Flottemesch, Appellant, v Tomas L. Contreras et al., Respondents. [954 NYS2d 247]—

Garry, J. Appeals (1) from an order of the Supreme Court (Work, J.), entered October 11, 2011 in Ulster County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered January 20, 2012 in Ulster County, which denied plaintiff's motion for reconsideration.

Plaintiff commenced this action to recover damages for injuries he allegedly sustained on August 7, 2005, when a vehicle owned by defendant Benito C. Lopez and driven by defendant Tomas L. Contreras struck the rear of his car at high speed while plaintiff was stopped on the Kingston-Rhinecliff Bridge in Ulster County. Defendants moved for summary judgment seeking dismissal of the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiff opposed and cross-moved, seeking partial summary judgment on the issue of liability and judgment in his favor on the issue of serious injury. Supreme Court granted summary judgment in favor of defendants, dismissed the complaint, and dismissed the cross motion as moot. Plaintiff moved to reargue and renew, and Supreme Court denied that motion. Plaintiff appeals from both orders.

Upon their summary judgment motion, defendants bore the burden of demonstrating, through the submission of competent

medical evidence, that plaintiff did not sustain a serious injury within the parameters of Insurance Law § 5102 (d) (*see Womack v Wilhelm*, 96 AD3d 1308, 1309 [2012]; *Larrabee v Bradshaw*, 96 AD3d 1257, 1258 [2012]). Defendants supported their application with the affidavit of board-certified orthopedic surgeon Barry Katzman, who performed an examination of plaintiff in July 2006, noted that plaintiff had full range of motion of his cervical spine, and reported that plaintiff's strains were fully resolved with no need for further causally-related treatment. Defendants further relied upon the records of plaintiff's primary physician, who noted that during a November 2005 physical, plaintiff reported that his neck was "[a]lmost 100% better." Based upon this evidence, we agree with Supreme Court that defendants satisfied their initial burden of demonstrating that plaintiff did not suffer a significant limitation to his neck as a result of the 2005 accident (*see Womack v Wilhelm*, 96 AD3d at 1310; *Clark v Basco*, 83 AD3d 1136, 1138 [2011]).*

Defendants having met their burden, plaintiff was required to produce objective medical evidence supporting his claim of serious injury (*see Peterson v Cellery*, 93 AD3d 911, 913 [2012]). Such evidence may consist of an expert's quantification of a loss of range of motion, corroborated by the results of an MRI or other objective medical evidence, when the expert draws a correlation between the two (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]; *MacMillan v Cleveland*, 82 AD3d 1388, 1389 [2011]; *Durham v New York E. Travel*, 2 AD3d 1113, 1114-1115 [2003]). To that end, plaintiff proffered an affirmation from neurologist Gerald Kufner, who began treating plaintiff in August 2008. Kufner detailed his review of an October 2008 MRI of plaintiff, on which he found broad-based right-sided intraforaminal disc bulge and moderate to severe degenerative foraminal stenosis, and described decreases in disc space and disc height in areas of plaintiff's cervical spine, as well as nerve root compression. He further compared the results of the October 2008 MRI to that of an MRI performed in October 2007, and found that plaintiff's degenerative changes had worsened. Based upon these findings, as well as his examinations of plaintiff in October 2008, January 2009 and July 2010, Kufner opined that plaintiff suffered from cervical spondylosis as the result of cervical arthritis that was precipi-

---

* The complaint alleged additional injuries and plaintiff initially asserted claims of serious injury pursuant to multiple categories under Insurance Law § 5102 (d), but, upon this appeal, his claim is limited to an injury to his neck under the significant limitation category (*see Womack v Wilhelm*, 96 AD3d at 1309 n 1; *Peterson v Cellery*, 93 AD3d 911, 913 n 1 [2012]).

tated and aggravated by a whiplash injury suffered by plaintiff in the 2005 motor vehicle accident, and that plaintiff's cervical arthritis had resulted in a 30% loss of function. Thus, Kufner's affirmation included a quantitative assessment of plaintiff's loss of function that was supported by objective medical evidence in the form of the MRIs. Viewed in a light most favorable to plaintiff, the evidence presented was sufficient to raise an issue of material fact (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 350-351; *Durham v New York E. Travel*, 2 AD3d at 1115).

In light of this determination, we next address plaintiff's cross motion; as defendants have conceded liability, plaintiff is entitled to partial summary judgment upon his application. Finally, plaintiff's challenge to the denial of his motion for renewal has been rendered academic.

Mercure, J.P., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the order entered October 11, 2011 is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing the complaint and dismissed, as moot, plaintiff's cross motion for partial summary judgment on liability; motion denied and cross motion granted to said extent; and, as so modified, affirmed. Ordered that the appeal from the order entered January 20, 2012 is dismissed, as academic, without costs.

