McCarthy, J.
As the movant, third-party defendant had the burden of *1301 establishing by competent medical evidence that plaintiff did not sustain a serious injury caused by the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352 [2002]). The burden would then shift to plaintiff to raise a triable issue of fact by presenting competent proof based upon objective medical findings and tests to support any alleged serious injuries and connect them to the accident (see Larrabee v Bradshaw, 96 AD3d 1257, 1260 [2012]; Tracy v Tracy, 69 AD3d 1218, 1219 [2010]). Plaintiff alleged serious injury under four categories: permanent loss of use of a body member or system, permanent consequential limitation of use, significant limitation of use, and a nonpermanent injury that prevents performance of substantially all of one’s customary daily activities for 90 out of the 180 days immediately following the accident. To address all of these categories, third-party defendant submitted deposition testimony, plaintiffs medical records from several sources and reports from an independent medical examination.
A permanent loss of use must be total to qualify as a serious injury (see Oberly v Bangs Ambulance, 96 NY2d 295, 299 [2001]; Tracy v Tracy, 69 AD3d at 1219). Because the record does not include proof that plaintiff has lost the total use of any body organ or system, and even her treating physician, James Cole, diagnosed her with a “permanent partial disability,” plaintiff cannot proceed under the permanent loss of use category (see Best v Bleau, 300 AD2d 858, 860 [2002]).
To establish the permanent consequential limitation of use and significant limitation of use categories, the submitted medical evidence “must contain objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing plaintiffs present limitations to the normal function, purpose and use of the affected body organ, member, function or system” (John v Engel, 2 AD3d 1027, 1029 [2003]; accord Solis v Silvagni, 82 AD3d 1349, 1350 [2011], lv denied 17 NY3d 715 [2011]). Plaintiff was involved in a 2004 accident where she injured her neck, arm, leg and upper back. At her 2008 deposition, plaintiff testified that in the 2005 accident, she injured her leg, arm, back and neck, and that all except her back pain were resolved by the time of her testimony. She did not separately mention an injury to her shoulder. Less than a month after the accident, her treating physician, Ajit Khanuja, noted that plaintiff had good range of motion of the shoulders and fairly good range of motion of the cervical spine. Although she still had lumbar pain, Khanuja felt that plaintiff could return to work. In August 2005, her physical therapists found the active range of motion of her spine within functional limits, *1302 and she continued to make slow but steady progress. By September 1, 2005, Khanuja noted that plaintiff had been back to work for approximately two weeks, neck range of motion showed slight limitations, she had full range of motion of the shoulders and full range of motion of her back. His assessment was that the cervical strain and lumbar strain were both resolving and she could continue to work full time. Two weeks later, the same physician noted that plaintiff had full range of motion of her back and could return to work full duty without restrictions, including 10 hours per week of mandatory overtime. By October 20, 2005, the office notes indicate that plaintiff had back pain but was “not complaining of any pain in her neck.” An MRI taken in June 2006 showed a central disc protrusion at L4-L5 and decreased signal within the disc substance at that level consistent with disc degeneration.
Bryan Bilfield, a physician who reviewed plaintiffs records and performed an independent medical examination, found normal range of motion in most areas tested. He noted that photographs taken after the 2005 accident revealed no discern-able damage to the van, indicating “minimal to no imparted energy to the van.” Bilfield could not attribute the MRI findings to the 2005 accident, based on a review of the medical records where a chiropractor noted low back pain following the 2004 accident, the photographs indicating the minimal impact of the accident, plaintiffs status as a passenger wearing a shoulder harness seat belt, and that other doctors who had examined her felt that the problem was related to degenerative disc disease rather than trauma. The MRI report stated that the disc problem was “consistent with disc desiccation/degeneration.” Bilfield also found that plaintiffs subjective complaints far outweighed the objective findings. All of the evidence submitted by third-party defendant shifted the burden to plaintiff on these two categories.
In response to the motion, plaintiff submitted additional medical records and Cole’s affidavit. Cole concluded, based on his examinations of plaintiff, her history, medical records, MRI and EMG testing, that plaintiff suffered injuries to her lumbar spine, left shoulder trauma and cervical strain caused by the 2005 accident. No objective testing that Cole performed was related to the shoulder, and Khanuja’s records indicate that plaintiff had full range of motion of her shoulders shortly after the accident. The objective evidence also did not support the allegations that the cervical strain was a continuing problem. Notably, plaintiff had testified in 2008 that conditions in her arm and neck had resolved, and she did not mention a shoulder injury at her deposition.
*1303 That leaves only a lower back injury to be considered. Evidence of a disc bulge alone is not sufficient to establish a serious injury, as there must also be proof that this condition was caused by the accident and produced an effect on the plaintiffs normal functioning or range of motion (see Toure v Avis Rent A Car Sys., 98 NY2d at 353 n 4; Howard v Espinosa, 70 AD3d 1091, 1094 [2010]; Durham v New York E. Travel, 2 AD3d 1113, 1114 [2003]). While Cole noted that EMG studies showed radiculitis consistent with MRI findings of a disc bulge at the L4-L5 level, he did not address the disc degeneration noted on the MRI report nor explain his conclusory opinion that this injury was caused by the 2005 accident. Cole did not account for why plaintiffs preexisting physical injuries from the prior accident were not the source of her injuries or any limitations that she now attributes to this accident (see Boone v Milano, 96 AD3d 1195, 1197 [2012]; see also Franchini v Palmieri, 1 NY3d 536, 537 [2003]). Thus, plaintiff failed to raise a triable issue of fact on the permanent consequential limitation or significant limitation of use categories.
As to the 90/180-day category, the claim required “objective evidence linking the alleged curtailment of [plaintiffs] activities following the accident to an injury sustained in the accident” (Clark v Basco, 83 AD3d 1136, 1139-1140 [2011]). One week after the accident, Khanuja felt that plaintiff could return to work. He later stated that she should remain out of work until August 15, 2005, but after September 1, 2005 he continually found that she could work full duty. Plaintiffs testimony described some activities she could no longer perform, but others that she could. This met third-party defendant’s burden of showing that plaintiff’s activities were not substantially curtailed. Cole began treating plaintiff in October 2005, found that she was suffering from a total temporary disability and kept her out of work from October 2005 until February 2006. Although she was out of work for more than 90 of the 180 days following the accident, that is not dispositive because the record must establish that she “was prevented from performing substantially all of the material acts that constituted [her] usual and customary daily activities” for the requisite time period (Amamedi v Archibala, 70 AD3d 449, 450 [2010], lv denied 15 NY3d 713 [2010]; see Uddin v Cooper, 32 AD3d 270, 271 [2006], lv denied 8 NY3d 808 [2007]). Plaintiff testified that she could not carry groceries, lift or stretch like she usually did when cleaning, but she could still cook and wash the laundry. Cole opined that, due to the 2005 accident, plaintiff suffered a significant limitation of the use of her lumbar spine “particularly respective to daily lifting, pushing, pulling, climbing stairs, and *1304 other mechanical activities, sitting and standing for extended periods.” However, Cole did not differentiate to what extent these limitations were related to the 2005 accident as opposed to the 2004 accident or degenerative changes (see Howard v Espinosa, 70 AD3d at 1094). He also did not support his qualitative assessment with “findings based upon any contemporaneous quantitative testing” that compared “the results of his examination to plaintiff’s pre-accident levels or opine that the injuries that caused the reduced ranges of motion were of the type that prevented plaintiff from performing her customary duties and activities” (Bowen v Saratoga Springs City School Dist., 88 AD3d 1144, 1146 [2011]). Without medical evidence addressing plaintiff’s prior injuries and relating her current limitations to injuries incurred as a result of the 2005 accident, she cannot prevail on the 90/180-day category either. Accordingly, Supreme Court correctly dismissed the complaint.
Mercure, J.P., Spain, Stein and Garry, JJ., concur. Ordered that the order is affirmed, with one bill of costs.