# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1413**

**CA 12-01206**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

---

JOANNE MONACO, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

AMANDA M. STEINER AND TERRENCE J. STEINER,
DEFENDANTS-RESPONDENTS.

---

WILLIAM K. MATTAR, P.C., WILLIAMSVILLE (APRIL J. ORLOWSKI OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (NANCY A. LONG OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered September 14, 2011 in a personal injury action. The order granted defendants' motion for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained in a motor vehicle accident. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident. Supreme Court properly granted the motion. Defendants met their initial burden of establishing that plaintiff did not sustain a serious injury under any of the categories alleged, i.e., the permanent loss of use, permanent consequential limitation of use, significant limitation of use and 90/180-day categories (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562), and plaintiff failed to raise an issue of fact with respect to the permanent loss of use and 90/180-day categories (*see generally id.*). Although plaintiff arguably raised an issue of fact whether she is suffering from a permanent consequential limitation of use or a significant limitation of use, the motion nevertheless was properly granted inasmuch as her medical expert failed to establish that the injuries were causally related to the accident and not to her prior neck and back complaints (*see Pommells v Perez*, 4 NY3d 566, 572; *MacMillan v Cleveland*, 82 AD3d 1388, 1388-1389; *Clark v Perry*, 21 AD3d 1373, 1374).

Entered: December 28, 2012                    Frances E. Cafarell
                                              Clerk of the Court